DUSICK, Plaintiff, vs. GREEN and another, Respondents, MEISELBACH, Appellant.

*May 9—May 29, 1903.*

*Appeal and error: Questions reviewed: Mechanics' liens: Notice of claim for lien by subcontractor: Sufficiency of description of property: Service of notice: Judgment: Correction on appeal: Foreclosure of mechanic's lien: Affirmative relief, when awarded defendant: Practice.*

1. Where there is no clear and overwhelming preponderance of testimony in opposition to findings made by the trial court and its referee, assignment of error upon the making of such findings must be overruled.
2. Sec. 3315, Stats. 1898 (providing for notice to be served by the claimant for a mechanic's lien when such claimant is a subcontractor, material-man, or employee), requires, among other things, that the notice shall declare that the claimant had been "employed" by the contractor; that the *claimant* furnished the materials or performed the labor, and that the balance due is due from the principal contractor. *Held,* that a notice sufficiently satisfies such enumerated calls of the statute, when it declares that the claimant claims to have a lien for a quantity of lumber, etc., furnished for use, and used, in the construction of designated buildings, in pursuance of an agreement with G., the principal contractor, in a specified sum, and that there is still due and owing claimant a certain amount.
3. Sec. 3315, Stats. 1898, prescribes that a subcontractor, material-man or employee in order to acquire the right to file a mechanic's lien, "shall give notice in writing to the owner, or his agent, . . . if to be found in the county, and if neither can be found therein, by filing such notice in the office of the clerk of the circuit court." *Held,* that proof that a notice of claim of a subcontractor's lien was personally served upon the owner showed sufficient service, although it did not appear thereby where the service was made.

4. Under said sec. 3315, the provision for substituted service by filing with the clerk is for the benefit and convenience of the claimant, who may take advantage of it, but need not.

5. The notice required by said sec. 3315 is not in the nature of process, but a document wholly *inter partes*, and effective to give the required information wherever served.

6. Under sec. 3314, Stats. 1898, limiting mechanics' liens in cities to "the parcel of land designed for use in connection with such house . . . not exceeding an acre," a judgment awarding a lien on more than one acre is erroneous, at least to the extent of such excess.

7. A judgment erroneously gave a subcontractor a mechanic's lien on an entire tract of more than the one acre of land used in connection with the buildings erected thereon. The evidence showed without dispute that the building was located on the west one acre of the entire tract. *Held*, that it was proper for the supreme court to correct that error by excluding from the lien the excess over one acre, and to modify the judgment accordingly.

8. Sec. 3320, Stats. 1898, provides, among other things, that the claim for a mechanic's lien filed with the clerk of the court shall contain "a description of the property affected thereby." A claim for a lien described the debtor's premises as a part of a certain quarter section "bounded on the north by lands owned by A. D. M. (the debtor); on the east by the C., M. & St. P. Ry. Co.; on the south by G. street, and on the west by G. street and W. avenue," and declared said premises were less than one acre in extent. The debtor's entire tract was triangular, containing over three acres. *Held*, that the only premises which could meet the attempted description is some portion off the south side, with no designated north boundary, except an unlocated line drawn across the entire tract.

9. In such case, the claim for lien not containing a description of any specific parcel of land, is defective in a vital element, and does not support a judgment awarding a lien.

10. Sec. 2656*a*, Stats. 1898, prohibits granting affirmative relief in favor of one defendant, against another defendant, unless the pleading demanding it is served on the defendant against whom the relief is sought. Secs. 3321–3326, Stats. 1898, regulating foreclosure of mechanics' liens, provides a scheme adapted to an equal sharing among lien claimants, by allowing one to bring the action, to which all others are to be made parties, not only for the purpose primarily of establishing and satisfying plaintiff's own claim, but also for ascertaining the

amounts of all other liens with which plaintiff must share the proceeds of the property. *Held*, that the service of an answer claiming affirmative relief is not necessary from defendant lien claimants, who seek nothing more than a judgment establishing a mechanic's lien, and distributing the proceeds of the property subject to the lien.

11. In such case, a defendant lien claimant, who fails to establish his right to a lien, is not entitled to a personal judgment against the debtor defendant, unless he serves an answer containing demand therefor upon him.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This was a consolidated action for the foreclosure of mechanics' liens, brought originally by the plaintiff, a subcontractor, joining as defendants the appellants, *Meiselbach,* the owner of the property, *A. S. Green,* the principal contractor, and *Wausau Lumber & Coal Company,* another subcontractor, alleging lien rights in the two last and in the plaintiff, and praying that the amounts of the respective liens be ascertained, the property sold, and the proceeds divided amongst the several lienholders. The original principal contract was for the erection of several buildings, fences, and sidewalk upon the premises of the appellant, in North Milwaukee, consisting of a triangular parcel of land, bounded on the north by due east and west line, 442 feet; thence approximately south along a railroad, 484 feet; thence north-westerly along another railroad, 566 feet, to a point due south of the place of beginning; and thence north to the place of beginning, 119 feet—containing 3.03 acres; the whole intended to be used, when completed, as a pleasure park or resort, with dance hall, barns, etc. *The Wausau Lumber & Coal Company* also brought suit as plaintiff, which was consolidated in the action finally tried. The principal contractor, *Green,* in his answer to the complaint, claimed as due a balance of $3,688, also alleged the filing of notice of

lien, and demanded judgment against *Meiselbach* for said balance, and that the said balance be declared a lien. That answer was never served upon, nor any notice thereof given to, the defendant *Meiselbach*, who claims to have been in ignorance thereof up to the commencement of the trial. The court found, upon very conflicting evidence, in favor of the *Wausau Lumber & Coal Company*, that it had furnished lumber for the work to the amount specified in its lien, whereby resulted a balance due it of $1,970. It also found $896.40 due the principal contractor, *Green*, and that he was entitled to a lien therefor. The detailed facts as to certain special objections raised by the appellant will be mentioned in the opinion in connection with their consideration. The court rendered judgment sustaining the liens claimed upon the entire tract of 3.03 acres, and awarded *Green* a personal judgment against appellant for the aforesaid balance found due. *Meiselbach* appeals from so much of this judgment as relates to the claims of *Green* and of the *Wausau Lumber & Coal Company*.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. H. Remington.*

For the respondents there were briefs by *Kanneberg, McGee & Cochems,* for the respondent *Wausau Lumber & Coal Company,* and by *J. M. Clarke,* for the respondent *Green,* and oral argument by *A. Kanneberg.*

DODGE, J. With reference to the portion of the judgment establishing a lien in favor of the respondent *Wausau Lumber & Coal Company,* appellant's principal attack is upon the findings of fact that the entire amount of lumber specified in its bill was furnished for use, and used, in the erection of appellant's various structures. The evidence on this subject was voluminous and varied in character, consisting of testimony of the claimant's officers and employees who delivered

the lumber, and of *Green* and his assistants, who received and used the same; also of measurements made by different parties of the lumber in the buildings at or about the time of the trial; also of witnesses called by appellant to show possibility of error or mistake as to whether lumber actually sent by the claimant was all used in the building. After a very careful examination of all that evidence, however, we cannot persuade ourselves that there is any clear and overwhelming preponderance in opposition to the findings made by the trial court and its referee thereon, and therefore must overrule the assignment of error upon the making of such findings.

Appellant next assails the notice served by this claimant as not satisfying the requirements of the statute (sec. 3315, Stats. 1898) in three particulars, namely, that it does not declare that the claimant had been "employed" by the contractor; second, that it does not state that *the claimant* furnished the materials; third, that it does not state that the balance due it is due from the principal contractor. After elision of so much as is not material to these objections, the notice, in substance, declares that the claimant claims to have a lien for a quantity of lumber, etc., furnished for use, and used, in the construction of the buildings, in pursuance of an agreement with *A. S. Green,* the principal contrator, in the sum of $4,359.74, of which only $2,389.74 has been paid, and that there is still due and owing to the *Wausau Lumber & Coal Company* the sum of $1,970. While it is true that the notice does not use the exact words of the statute, we cannot, without being too hypercritical, escape the conclusion that for all practical purposes it gives the information required. It does not seem to us that the reader can doubt that the materials so stated to have been furnished were furnished by the claimant, nor that the indebtedness due therefor is due from *A. S. Green,* under an agreement with whom the materials were furnished. We think the notice does declare

an employment, within the meaning of the statute, by stating that the materials furnished are in pursuance of an agreement. The word "employed," in the statute prescribing the subject of the notice, is obviously used broadly to cover the case of a subcontractor and an employee, for either is entitled to lien, and each required to give the same notice.

Another objection is made to the effect that this claimant's notice was not served in the manner prescribed by the statute, for that, while it was served upon the appellant personally, it does not appear where such service was made—whether in the county of Milwaukee or elsewhere. The statute (sec. 3315, Stats. 1898) prescribes that the subcontractor "shall give notice in writing to the owner, or his agent, . . . if to be found in the county, and if neither can be found therein, by filing such notice in the office of the clerk of the circuit court." We do not think the construction of this statute contended for by the appellant reasonable or correct. While it requires only that the notice shall be given to the owner or his agent if found in the county, it does not prohibit a service upon the former elsewhere. The purpose of the statute is so obviously merely that of notification of the requisite facts to the proprietor, that we cannot doubt that personal service of the written notice on him fully satisfies its requirement, and that the provision for substitutionary service by filing with the clerk of court is a permission merely to the lien claimant to dispense with the personal service when that cannot be accomplished within the county, either upon the owner or upon his agent; that it is merely for the benefit and convenience of the lien claimant, who may take advantage of it, but need not. Counsel suggests analogy to the writ or summons, which cannot be effectively served outside of the jurisdiction of the court issuing it, but there is no such analogy. The writ or summons is of the nature of process, and cannot run beyond the territorial limits of the jurisdiction of the court. The notice prescribed by sec. 3315,

Stats. 1898, is not of that nature, but a document wholly *inter partes,* and equally effective to give the required information, whether served in Milwaukee county, Wisconsin, or Lake county, Illinois.

A further assignment of error is predicated upon the fact that the court awarded this and other claimants a lien upon the interest of *Meiselbach* in the entire tract of land used in connection with the buildings and other structures involved, containing 3.03 acres of land. Sec. 3314, Stats. 1898, limits mechanics' liens to "the piece or parcel of land designed for use in connection with such house . . . not exceeding one acre." That all of this tract of land is designed for use in connection with each of the structures erected, there can be no doubt; hence the claimants are limited by this statute to some one particular acre out of this tract. The judgment awarding a lien on more than one acre of land is therefore erroneous, at least to the extent of such excess. A somewhat similar error was dealt with in *McCoy v. Quick,* 30 Wis. 521, 526, where it was held that the error was cured by voluntary remission, permitted to be made after judgment by the trial court. It was there said:

"Had that judgment been brought here by appeal, this court would doubtless have directed the circuit court to ascertain the specific acre to which the lien ought to attach, and then to so modify the judgment as to give the plaintiff his lien on that acre alone. . . . The stipulation and remitter, together, have worked out the proper result."

In accordance with that view, we have no doubt of the propriety of correcting this error in the present judgment by excluding from the lien the excess over one acre. The counsel for the respondent apparently contemplated this difficulty while introducing evidence, and it is proved without dispute that the principal building, which considerably exceeds all the others in cost and value, is located upon the west one acre of the entire tract. Inasmuch as the lien is primarily upon

the building constructed, and only upon the land because used in connection therewith, we are persuaded that no injustice can be done by selecting that west one acre as the realty upon which the lien should be imposed. Indeed, that was suggested upon the argument in this court, and we do not understand counsel upon either side to indicate that it would be other than a wise and proper selection, if selection must and can be made. We have determined, rather than to remit the action for the taking of further evidence upon this subject, to so modify the judgment before us as to limit the lien of the respondent the *Wausau Lumber & Coal Company* to that description. Apart from that error, we find no reason to disturb the portion of the judgment in favor of this respondent.

2. As to that portion of the judgment which awards the principal contractor, *Green,* a lien upon the 3.03 acres of appellant's land, error is assigned, first, because the attempted claim for lien filed in the clerk of court's office did not satisfy the statute, for that it failed to contain "a description of the property affected thereby," as required by sec. 3320, Stats. 1898. That such description is an essential part of the claim for lien without the filing of which sec. 3318, Stats. 1898, provides that no lien shall exist, has often been decided. *Dean v. Wheeler,* 2 Wis. 224; *Brown v. La Crosse City G. L. & C. Co.* 16 Wis. 555; and *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 94 N. W. 74. *Green's* claim for lien described the premises as a part of a certain quarter section, "bounded on the north by lands owned by *A. D. Meiselbach,* on the east by the Chicago, Milwaukee & St. Paul Railroad, south by Green street, and west by Green street and Western avenue," and declares that said premises are less than one acre in area or extent. As stated in the statement of facts, the entire tract in question is triangular, with a southerly base about 566 feet long; hence the only premises which can meet the attempted description in the claim for lien must

be some portion off the south side of this triangle, with no designated boundary, except a line drawn across the entire tract, which line is wholly unlocated. If claimant had demanded exactly one acre, described by the same boundaries, there would, perhaps, have been no indefiniteness, for then the court might have adopted an east and west line far enough north of the southern boundary to inclose one acre; but claimant has industriously declared that the premises sought to be affected by this notice are not one acre, but merely less than one acre; hence it is impossible to decide from this description whether that east and west line is to be drawn one foot north of the southern boundary, or some eighty or ninety feet north of it. Within such limits, any line will satisfy the calls of this document. We are forced to the conclusion that the notice is defective in a vital element, in that it does not contain a description of any specific parcel of land. Of course, this conclusion is fatal to the maintenance of any lien by the respondent *Green,* and renders erroneous the judgment awarding one.

Another objection raised to the judgment in *Green's* favor is that, by reason of the prohibition contained in sec. 2656a, no affirmative relief can be had by one defendant against another unless the pleading demanding same be served on the defendant against whom the relief is sought. That section regulates, and to some extent restrains, the former practice, by which one defendant might obtain affirmative relief against another, the right to which already existed, on general principles of equitable procedure. *Kollock v. Scribner,* 98 Wis. 104, 117, 73 N. W. 776. It undoubtedly abrogated the rule stated in that case, that the pleading demanding that relief need be served only on the plaintiff, unless otherwise ordered. It must be obeyed in any case falling within its purview. There is, however, a special and peculiar practice established for the foreclosure of mechanics' liens, to be fully obeyed, at least so far as is possible without clear

infraction of other statutes.   If there be irreconcilable con-
flict, the dominance of one statute over the other will have to
be decided according to the established rules of statutory con-
struction.   Secs. 3321 to 3326, Stats. 1898, regulating fore-
closure of liens, provide a scheme adapted to an equal shar-
ing among lien claimants.   That scheme allows any one or
more to bring an action, to which all others are to be made
parties for the purpose primarily of establishing and satisfy-
ing the plaintiff's own claim, but also of ascertaining the
amounts of all other liens with which plaintiff must share
the proceeds of the property.   All of this is authorized by
these statutes as part of and essential to the plaintiff's rem-
edy, and the owner, when served with a complaint alleging
existence of liens in favor of other defendants, is at once noti-
fied of the necessity of disproving the existence of such as
he disputes.   The fact that the judgment will award liens to
other defendants, and order money paid to them, is only in-
cidental to the granting of full relief to the plaintiff.   From
this it results that no answer claiming affirmative relief is
necessary from defendant lien claimants, who seek nothing
more than the judgment establishing a lien, and distributing
proceeds of liened property.   The answer of defendant *Green*
in this case did not stop there, however.   It demanded, fur-
ther, a personal judgment against the owner for the unpaid
balance of the building price.   The lien statutes nowhere au-
thorize such recovery, except in favor of the plaintiff when
he fails to establish his right to a lien (sec. 3324, Stats.
1898), and the rendition of such personal judgment in favor
of a defendant lien claimant whose lien fails of establishment
is in no wise material or essential to plaintiff's full relief.
If, therefore, such defendant may in the lien action demand
a mere money recovery, it can be done only by reason of the
general policy of courts of equity to settle the rights of par-
ties when once jurisdiction is acquired, or by virtue of sec.
2656*a*.   In either event it is a demand for affirmative re-

lief, of which the defendant owner receives no notice by the complaint, and which cannot be granted upon the prayer of an unserved answer without disobedience of the prohibition contained in that section. In this case *Green* failed to establish his right to a lien. He could have the alternative money judgment, if at all, only because demanded affirmatively in his answer, and could not have it in response to that, because he had never served that answer on the appellant. We therefore conclude that no part of the judgment in *Green's* favor can stand, but the judgment must dismiss his claim entirely, for the reasons above stated; hence we need not consider whether the finding of a balance due him is supported by or contrary to the evidence.

*By the Court.*—The judgment is reversed and cause remanded, with directions to the circuit court to modify its judgment in favor of *Wausau Lumber & Coal Company* by limiting the premises upon which its lien is adjudged to the west one acre of the entire tract described in said judgment; also to dismiss the claim and cause of action of defendant *A. S. Green,* with costs against him. Appellant to recover costs of appeal against both respondents.

On September 29, 1903, the judgment was modified so as to provide that only $216.50 as costs be collected out of the *Wausau Lumber & Coal Company.*