SMITH, Appellant, v. BOWDER et al., Respondents.

(141 N. W. 786.)

1. **Appeal—Harmless Error—Erroneous Reasons for Judgment—Affirmance.**

Where, although the record does not reveal the ground of trial court's holding, it is clear that the judgment below was correct, it will be sustained; and would be even though the record revealed that it was based upon an erroneous ground.

2. **Mechanic's Lien—Description of Building—Affidavit—Homestead.**

An affidavit for a mechanic's lien by a contractor furnishing materials used in erection of two dwelling houses on an undivided lot on which there was a dwelling, occupied by the owner as a homestead, which is uncertain as to which house the lien was in part sought to cover, while the affidavit purported to claim a lien on "a certain house used as a dwelling house" and including "the land upon which the same is situated," is invalid, as such dwelling and land clearly remained

exempt as a homestead; or, the affidavit may refer to one of the dwellings, but is defective in not pointing out or locating which one it is upon which the lien is claimed.

**3. Mechanic's Liens—Affidavit for Lien—Description of Property.**

The description of property in an affidavit for a mechanic's lien must be such as enables one, familiar with the location, to identify the property upon which the lien is intended to be claimed, and sufficient as a basis for a decree which will enable the purchaser to find the property described.

(Opinion filed May 24, 1913. Rehearing denied July 11, 1913.)

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by James A. Smith against Ida Stow Bowder and others, to foreclose a mechanic's lien, etc. From a judgment for defendants and from an order denying a new trial, plaintiff appeals. Affirmed.

*N. D. Burch,* and *Brown & Brown,* for Appellants.

The court erred in holding that because Ida Stow Bowder occupied one dwelling on the premises as her home, and the premises did not exceed one acre in area or $5,000 in value, the entire land, including the two other dwelling houses not occupied by her but rented to tenants, constituted part of her homestead, and was exempt from mechanic's liens. The court should not go beyond the language of the statute to aid such a purchaser in escaping payment of what he justly owes.

Code of Civil Procedure, Sec. 345, provides that in any town or city a homestead shall consist of a house and lot or lots not exceeding one acre of ground. It will be observed that the singular number is used here.

Political Code, Sec. 3222, provides, "the homestead must embrace the house used as a home by the owner thereof, and if he or she has two or more houses thus used at different times and places such owner may select which he or she will retain as a homestead." Section 3225 provides, "It must not embrace more than one dwelling house, or any other buildings except such as are properly appurtenant to the homestead as such.

Ida Stow Bowder was entitled to have set apart to her as her homestead the house which she used as a home, but no other buildings except such as were properly appurtenant to the homestead as such. The two dwelling houses built with plaintiff's ma-

terials and rented by her to tenants were not appurtenant to her homestead as such.

Where more than one dwelling house is situated on a lot when it is selected or set apart by the owner as his homestead he cannot include both houses in his selection, he can take only one. Turner v. His Creditors, 62 Cal. 287; 15 Am. & Eng. Enc. of Law, 2d Ed., p. 590; Mayfield v. Maasden, 59 Iowa, 17, 13 N. W. 652; Sever v. Lyon, 48 N. E. 926 (Ill.); Hoffman v. Junk, 8 N. W. 493 (Wis.); Kingman v. O'Callaghan, 4 S. D. 628.

The defendant, Ida Stow Bowder, had no intention of using the tenant houses as a homestead. She built them for the express purpose of renting, as shown by paragraph 8 of the statement of the case. Such an intent excludes any possible intent to use them as a part of the homestead. Charles Betcher Co. v. Cleveland, 13 S. D. 347.

In Reply.

The description in the lien statement is all that is necessary or possible, and there was sufficient evidence before the court to enable it to make an intelligible decree indentifying the property. Ford v. Ford, 24 S. D. 644, 124 N. W. 1108; Smith v. Johnson, 138 N. W. 18 (S. D.).

In the statement of the case, found at Fol. 63 of appellant's abstract or brief, these facts are stated: "That said lot 6 is not enclosed in any manner. That on said lot are now three frame dwelling houses, two fronting on Main street and one in the rear of the one on the corner fronting on Main street. That the corner building fronting on Main street was at the time the materials for the construction of the other two buildings were furnished by the plaintiff to Ida Stow Bowder her home, and occupied by her and her family, and is now so occupied by her and her family."

There is ample evidence in the record to enable the court to frame a decree which would "enable the sheriff to identify and deliver the possession of the property."

Respondents refer to the fact that the reference to buildings in the lien statement is in the singular, whereas two buildings were in fact constructed. Perhaps only one building had been constructed when the statement was filed; there is no showing to

the contrary. And where the material is furnished under one contract, it makes no difference that two or more buildings are in fact constructed. Robertson Lumber Co. v. Swenson, 138 N. W. 984 (N. D.).

They also refer to the fact that the lien statement claimed a lien on the whole of lot 6, whereas a part of it at least is defendant Bowder's homestead. But a mechanic's lien cannot be defeated because the materialman claims his lien on too much property: 20 A. & E. Enc. of Law, 422.

E. O. Patterson, and Charles A. Davis, for Respondents.

The mechanic's lien statement herein is invalid, and does not constitute any lien upon the premises involved in this action. Sections 696, 703, Code of Civil Procedure.

This lot with all improvements thereon constitutes defendant Ida Stow Bowder's homestead and is not subject to a mechanic's lien.

As to what is the homestead, sections 3222, 3223, 3224, 3225, Pol. Code, define it.

Defendant Ida Stow Bowder occupied one of the buildings as her home, and the others she rented. That is, her business was to rent the remaining houses on the lot, and they thus brought in an income that helped to support the family. The buildings are simply appurtenant to the homestead and were built on this lot in order to afford an income to defendant and her family. Lubbock v. McMann et al., 82 Cal. 226, 22 Pac. 1145; Milford Sav. Bank v. Ayers, 48 Kans. 602, 29 Pac. 1149; Stevens v. Hollingsworth, 74 Ill. 202; Colbert v. Henley, 64 Miss. 374, 1 South. 631; Hoffman v. Junk, 51 Wis. 613, 8 N. W. 493.

The statement in the lien affidavit is that the (appellant) "made a contract with Ida Stow Bowder to furnish lumber and building materials for a certain house, used as a dwelling house situate upon the following described land of which the said Ida Stow Bowder was then and is now the owner, to-wit: Lot (6) in Keller Acres situated in the northwest quarter of the northwest quarter of section eight (8), township ninety-seven (97), Range seventy-three, in Gregory county, South Dakota." This is all the description there is in said statement to identify the property, and the lien statement then prays for a lien upon "said dwelling including the land upon which the same is situated." In

other words, a lien is claimed upon the building and the entire property or lot.

Our statute (Comp. Laws, § 5476) requires that the mechanic's lien statement shall contain "a correct description of the property to be charged with said lien." It is conceded by appellant that a part at least of lot six is the homestead of the respondent Ida Stow Bowder, and, therefore, not subject to the lien. How could the trial court, or any one else, from this mechanic's lien statement ascertain which of the buildings on the lot were subject to the lien or what part, if any, of the said lot six was subject to the lien? It is self evident that the appellant is not entitled to a lien on the entire lot and all the improvements thereon for a portion of it, at least, under any view of the law, is not subject to a mechanic's lien as it is the homestead of Ida Stow Bowder. From this mechanic's lien statement it could not even be determined which building he claims a lien on, and he only claims it on one building in his lien statement.    27 Cyc. p. 157, and cases cited.

The claim must describe the land with sufficient accuracy to to enable the court to decree the sale, and the purchaser to find the land under such description.    27 Cyc. p. 159, and cases cited.

That the lien failing as to the realty upon which the building is situate, it must also fail as to the building itself.    Mayes v. Murphy, 93 Mo. App. 37; Cowie v. Ahrenstedt, 1 Wash. St. 416, 25 Pac. 458.

WHITING, P. J.    This action was brought to foreclose a mechanic's lien and to establish its priority over certain mortgage and judgment liens.    The cause was submitted upon an agreed statement of facts, and judgment was rendered thereon in favor of defendants.    From such judgment and an order denying a new trial, plaintiff has appealed.

[1] Appellant has raised several questions, not one of which is, under the view which we take, necessary for our consideration. The trial court held the alleged lien to be "invalid and void"; the record does not reveal the ground for such holding, but, if it is clear that there exists a fatal defect in the alleged lien which could not be cured, the judgment must be sustained, even though the record revealed that the trial court's holding was based upon an

erroneous ground. Sioux Remedy Co. v. Cope, 28 S. D. 397, 133 N. W. 683.

[2] Appellant furnished building material to be used, and the same was used *in the erection* of two dwelling houses upon an undivided lot upon which there had theretofore been erected another dwelling house. When this material was furnished, the lot in question was the homestead of the owner, who, as the head of a family, was occupying the last-mentioned dwelling house.

The affidavit claiming lien was, so far as material to our discussion, in words as follows: "Mechanic's Lien: State of South Dakota, County of Gregory—ss.: L. D. Hills, being duly sworn, says that * * * he made a contract with Ida Stow Bowder to furnish lumber and building material for a certain house, used as a dwelling house, situate upon the following described land of which the said Ida Stow Bowder was then and is now the owner, to-wit: Lot 6 in Keller Acres; * * * that said account is just, true, and full statement of the material so furnished to said Ida Stow Bowder under said contract for the dwelling aforesaid and * * *, for which mechanic's lien is hereby claimed in favor of the said Jas. A. Smith upon said dwelling, including the land upon which the same is situated. * * * [Signed] L. D. Hills, Agent for Jas. A. Smith."

It will be noticed that the contract was to supply material for two dwelling houses to be erected upon this lot, which lot was, up to that time at least, entirely exempt from mechanic's liens. Appellant, in his affidavit filed, claimed a lien upon the whole of said premises, but in his brief he makes no contention, and certainly could not, that the entire premises lost their homestead character through the placing of these two dwellings upon the lot. Without determining whether, if a person file an affidavit for lien describing more property than he is entitled to a lien upon, such lien will be held good as against such part as was subject to the lien, it is clear that in this case the claim or affidavit for lien was absolutely void for uncertainty. It will be noticed that, while the material was furnished to be used in the erection of two dwellings upon a lot where one dwelling was then standing, the lien as filed alleges the contract for furnishing "material for a certain house *used* as a dwelling house." This wording might indicate that it was *the house already standing upon the premises* for which the material

was furnished, and upon which, "including the land upon which *the same* is situated," a lien was claimed. Thus construing the affidavit for lien, it is clearly invalid, as such dwelling and land upon which it stood clearly remained exempt as the owner's homestead. If the words, "a certain house, used as a dwelling house," refer to one of the dwellings in the construction of which this material was in fact used, the description in the lien is still fatally defective as it in no manner, points out or locates which one of such dwellings it is upon which the lien is claimed; certainly, under such affidavit, no lien is reserved upon both of said houses.

[3] The description of property in an affidavit filed claiming a mechanic's lien, though not necessarily as definite and certain as required when property is described in a deed or a judgment, must be such as will enable one familiar with the location to identify the property upon which the lien is intended to be claimed, and, if it is not accurate to that extent, it is fatally defective. It must be a description sufficient upon which to base a decree which will enable a purchaser to find the property described. 27 Cyc. 157; Dusick v. Meiselbach, 118 Wis. 240, 95 N. W. 144; chapter 32, Phillips on Mechanics' Liens; Rockel on Mechanics' Liens, §§ 103 and 105. It is clear that the affidavit filed was wholly insufficient to enable a court to render a decree of foreclosure as against the nonexempt part of the property, if any of such property was not exempt.

The judgment and order denying a new trial are affirmed.