# CHARLESTON.

R. W. DOSS *et al. v.* GULF SMOKELESS COAL COMPANY *et als.*

(No. 5757)

Submitted October 26, 1926.    Decided November 9, 1926.

1. MECHANICS' LIENS—*Mechanic's Lien, Claimed Against Corporation, May be Perfected by Filing for Record in Office of Clerk of County Court of County in Which Property is Located, Without Serving Notice on Owner (Code, c. 75, § 19).*

   Where a mechanic's lien is claimed for labor performed under a contract with the owner or his authorized agent, or with a general contractor, and such owner is a corporation, all that is required to perfect such lien is to file it for record in the office of the clerk of the county court of the county in which the property, on which the lien is claimed, is situate, and it is not necessary to serve notice of such lien upon the owner. *O'Connell v. Coal Co.*, 95 W. Va. 685.   (p. 473.)

2. SAME—*Notice of Lien, Filed in Office of Clerk of County Court of County in Which Property is Located, is Valid, Although Clerk Recorded Only Abstract Instead of Spreading Lien on Record in Full (Code, c. 75, § 20).*

   Where the claimant has complied with Code, Ch. 75, § 20, by filing notice thereof in said clerk's office, it is the duty of the clerk to spread the same upon the record, but, as between the claimant and such owner, such filing of notice is a substantial compliance with said statute on the part of the claimant, and the lien will be held to be valid, notwithstanding such clerk recorded only an abstract of said lien instead of spreading the same upon the record in full. *Bailey Lumber Co. v. General Construction Co.*, 101 W. Va. 567.   (p. 473.)

3. SAME—*Where Owner of Property, on Which Lien Was Claimed, Was Corporation Whose Stock, Except Nominal Part, Was Owned by Another Corporation, and One Person Was President, Attorney in Fact, and Manager of Business of Both Corporations, and Business of First Corporation Was Conducted in Name of Second, Notice of Lien Addressed to Second Corporation, Served on President, Attorney in Fact, and Manager of Business of Both Corporations, Was Sufficient.*

   Where the true legal owner of the property on which labor is performed is a corporation and all of its stock is owned by

another corporation, with the exception of a nominal part of the stock, which was owned, and permitted to be held, by five several officers and stockholders, who were also the principal officers of the latter corporation, for the sole and only purpose of continuing the corporate existence of the owner corporation, and one person is the president, attorney-in-fact, and manager of the business of both corporations, and all of the business of such owner corporation is conducted by and in the name of such other corporation, and the officers and authorized agents of both of said corporations have, by their actions and direct representations, led labor lienors to believe that such other corporation is the true owner of the property subject to their liens, thereby causing them to address the notice of their liens to such other corporation, but such notice is served upon the person who is president, attorney-in-fact, and manager of the business of both corporations, it is sufficient, when read as a whole, to show to either or both corporations the full and complete intent and meaning thereof. A court of equity, in such case, will not hold such notice of lien, if properly recorded, invalid as to the owner corporation merely because it is addressed to such other corporation and not to the corporation that is the true and legal owner of the property.   (p. 473.)

Appeal from Circuit Court, Wyoming County.

Proceeding by R. W. Doss and another against the Gulf Smokeless Coal Company and others to enforce mechanics' liens. From a decree of dismissal, plaintiffs appeal.

*Reversed and remanded.*

*J. Albert Toler,* for appellants.
*McGinnis & McGinnis,* for appellees.

Woods, Judge:

This is a proceeding in chancery to enforce certain mechanic's liens against the real and personal property of defendants. The plaintiffs appeal from a decree of the circuit court of Wyoming County dismissing their original, amended and supplemental bills of complaint.

The Gulf Smokeless Coal Company, hereafter referred to as the Gulf Company, in 1922, purchased all of the capital

stock of the Covel Smokeless Coal Company, hereafter re-
ferred to as the Covel Company, except five separate shares
of the par value of One Hundred Dollars each, owned by five
several stockholders, each being officers and stockholders of
said Gulf Company, and allowed to own the same for the sole
purpose of complying with the corporation laws of this State
that the corporate existence of said Covel Company might be
continued. W. P. Tams, Jr., who has been and still is the
president and general manager of both corporations, has been
at all times in active charge and control of the business of
both corporations. The officers and stockholders of the Covel
Company and the Gulf Company have likewise been prac-
tically the same since organization. In 1923, the Covel Com-
pany, which held a large tract of land in Wyoming county
under lease for coal mining purposes, entered into a contract
with the General Construction Company for the construction
of certain buildings on their coal properties. The plastering
and electric wiring was sublet by the Construction Company
to the plaintiffs herein. The plaintiffs were paid for their
work from time to time by the Construction Company, but
after its removal received payment from the Gulf Company.
A balance still remains due and unpaid to the plaintiffs, ac-
cording to the agreed statement of facts, for work done under
their sub-contract. The plaintiffs proceeded to perfect their
several mechanic's liens, within the time prescribed by
statute, by giving notices thereof, addressed to the Gulf
Company, and serving the same upon W. P. Tams, Jr., as
president, and by filing and recording like notices with the
clerk of the county court of Wyoming county, claiming liens
upon the real and personal property of said Gulf Company.
The clerk of the county court in each instance entered only
an abstract of the notices filed with him for recordation. The
plaintiffs did not have notice of the fact that their notices
had not been recorded in *haec verba* until after the filing of
defendants answer herein.

The controlling questions in the case are: (1) Was there
a proper recordation of the lien? (2) Was the lien perfected as

required by statute? and (3), If so, on whose property does the lien attach?

The liens here are for labor performed under chapter 75, §19, Code. Under that section no preliminary notice is required where a laborer performs services for a corporation doing business in this State by reason of a contract with the corporation, or for a general (as here) or sub-contractor of that corporation. All that is required of a laborer or workman in such cases is that he record a notice of his lien, stating the amount due him after allowing all credits, to which he must make proper affidavit. *O'Connell* v. *Coal Co.*, 95 W. Va. 685. Was there a proper recordation of the lien? Counsel for appellees contend strongly that there must be an actual recordation in the mechanic's lien record of the county court of the instrument in *haec verba.* Their argument is not without force. In the instant case, as we have seen, the instruments were not so recorded. Instead, a mere abstract thereof was entered by the clerk. Was this a sufficient recordation? This Court has decided that such recordation of an abstract of the notice does not invalidate the lien. *Bailey Lumber Company* v. *General Construction Company*, 101 W. Va. 567.

We now come to the last question on which this litigation turns. The notices of liens recorded were against the Gulf Company, a corporation. The statute prescribes that the notice must be given to the owner. It is contended that the Covel Company is the owner of the property. It is true the latter company holds the naked legal title to the property. All the stock is owned by the Gulf Company, except five shares, which was turned over to and purchased by five of the principal officers, agents and directors of the Gulf Company, for the sole and only purpose of continuing the corporate existence of the Covel Company. At all times thereafter the same officers have been in charge of both companies. The mining plant to which the Covel Company has the legal title has, at all times, been operated by the Gulf Company, in its own corporate name, through W. P. Tams, Jr., the president of both said corporations and the general manager in charge and control of their business. The work here performed,

sought to be secured by the mechanic's liens in question, although done under a contract with the Covel Company, was done under the supervision and direction of the Gulf Company. It is an admitted fact that the Gulf Company made representations to the lienors here that led them to believe that said mining plant was owned by it. The general contractor and these lienors to the extent they were paid, were paid by the checks of the Gulf Company. In the light of these facts, on whose property does the lien attach? The two corporations were in interest substantially the same corporation. In view of their relations to each other, would not notice of lien to one corporation be sufficient to give notice to both? This Court said in *Bailey Lumber Company* v. *General Construction Company, supra,* that "Where it appears from the case that there is a clear right to the lien under the statute and the controversy is whether the lienor has properly proceeded to establish his lien, a liberal construction should be applied. A substantial compliance with the statute is all that is necessary in this State." As a general proposition, the ownership of the property sought to be charged must be truly stated. However, the statutory requirement is satisfied by substantial accuracy, and the courts have been liberal in sustaining the lien where the owner has been incorrectly designated, but no one has been misled. The lien is not defeated by a mistake in the name of the owner, or even by an honest mistake in naming the wrong person as the owner, believing him to be such. 40 C. J. 229, §227. In 18 R. C. L. 939, §74, we find the rule stated that "An incorrect designation of the owner of the property in a statement of claim does not invalidate the lien if the statute is substantially complied with, and where, upon examination of the entire lien, it can be ascertained with reasonable certainty who the owner is." So, even naming another corporation than the one sought to be charged is not fatal where the two are so closely connected as to be substantially the same company. *Milwaukee Bldg. Sup. Co.* v. *Illinois Surety Co.*, 163 Wis. 48. From an application of the foregoing principles to the facts in this case, we evolve the conclusion that where such notice of lien is

served upon the person who is president, attorney-in-fact and manager of the business of both corporations, it is sufficient, when read as a whole, to show to either or both corporations the full and complete intent and meaning thereof. A court of equity, in such case, will not hold such notice of lien, if properly recorded, invalid as to the owner corporation merely because it is addressed to such other corporation and not to the corporation that is the true and legal owner of the property. 40 C. J. 230, §277, and cases cited; 18 R. C. L. 939, §§73, 74; *Bailey Lumber Co.* v. *General Construction Co.,* *supra; Mivelaz* v. *Johnson,* 124 Ky. 251, 124 A. S. R. 398, 14 Anno. Cas. 688; *Concrete Co.* v. *Realty Co.,* 90 W. Va. 762.

We are of opinion, therefore, that the court erred in not decreeing the claims here under consideration as liens upon the property of the defendant Covel Company. The decree will be reversed and the cause remanded.

*Reversed and remanded.*