F. C. KROTTER COMPANY, A CORP., Appellant v.
HARBAUGH, et al, Respondents.

(280 N. W. 211.)

(File No. 8103. Opinion filed June 20, 1938.)

*W. J. Hooper,* of Gregory, for Appellants.
*Fellows & Fellows,* of Mitchell, for Respondents.

WARREN, J. The Hanford Produce Company, record owner of certain real property in the City of Gregory, South Dakota, executed a written contract with defendant Harbaugh, whereby they sold the said real property to Harbaugh for a consideration of $500, evidenced by a promissory note dated June 1, 1930, and payable October 1, 1930. In the contract it was provided:

"* * * · that permission is granted the Purchaser to erect a building on this land and it is further provided that in the event the Purchaser fails to pay the amount of the note above referred to upon its due date, namely October 1, 1930, with interest, the Seller has the right or recourse to take possession of the building, it being understood that the note herein referred to is secured by any buildings which may hereafter be erected upon the land herein referred to."

This contract was never recorded and the defendant Hanford Produce Company remained the record titleholder.

Defendant Harbaugh took possession of the property and proceeded to erect a small building and certain cement walks and driveways. The plaintiff furnished building materials to Harbaugh which were used in the construction of the building and

180

cement for the driveways and walks surrounding the land and upon the lot. Defendant Hoblit performed work and labor in the construction of said improvements. Both parties filed statements of mechanic's liens. There is no question about the validity of the liens or the amounts due. At no time after the execution of the said contract did the defendant Harbaugh pay anything on the note given for the purchase price of the real property in question. Defendant Hanford Produce Company performed all the things required of it under the contract and deposited a warranty deed and abstract of title to the land in question in a satisfactory depositary in the City of Gregory. Defendant Harbaugh was notified that the deed and abstract of title had been deposited. Subsequently, the defendant Hanford Produce Company deeded the property to the defendant Bordens Produce Company.

This action was commenced by plaintiff, F. C. Krotter Company, to foreclose its materialmen's lien upon the property. Harbaugh, the purchaser of the property; Hoblit, another lienholder; Hanford Produce Company, vendor of the property; and Bordens Produce Company, assignee of the Hanford Produce Company, were all made defendants. Defendants Hanford Produce Company and Bordens Produce Company filed an answer and cross-complaint claiming a purchase money lien superior to the mechanic's liens held by plaintiff and defendant Hoblit. Defendant Hoblit filed an answer to the cross-complaint and also asserted his right of recovery under his mechanic's lien. Defendant Harbaugh filed an answer to the complaint of plaintiff but was in default as to the cross-complaint. The issues were tried and findings of fact, conclusions of law and judgment entered in favor of defendants Hanford Produce Company and Bordens Produce Company.

Plaintiff Krotter Company and defendant Hoblit have appealed from the judgment of the trial court. The appeal is based solely upon the judgment roll and questions only the sufficiency of the findings to support the conclusions of law and the judgment.

Appellants assert three assignments of error, and we shall consider them in the order presented.

■ First, that the findings of fact do not support the conclusions of law to the effect that the defendant Harbaugh, under the contract, was not required to make any improvements upon the property, and that the vendor's lien of respondent Bordens Produce

Company is superior to the liens held by appellants. Appellants argue that though the word "permission" was used in the contract under consideration, the clear intention of the contracting parties was that the defendant Harbaugh should construct a building upon the property which would be a part of the security for the payment of the purchase price to respondent. It is appellant's view, that any reasonable interpretation or construction of the said contract should recognize this intent on the part of the contracting parties, and should hold it to be such a requirement on the part of the vendee to improve the property as to bring this contract within the provisions of Section 1647, Revised Code 1919, and thus subject the respondent's vendor's title to the mechanic's liens of the appellants. However, this court cannot agree with that contention. The contract itself used the word "permission" and the trial court found that the contract did not require the vendee Harbaugh to make any improvements upon the property. In view of these things, there is nothing in the record that can influence this court to come to a conclusion which would be an obvious distortion of the clear and unequivocal language of the contract.

Appellants have also presented considerable argument to the effect that respondents are still the real owners of the property and could not therefore possess a vendor's lien superior to the liens held by appellants. The appellants rely chiefly upon the authority of Reid v. Gorman et al., 37 S. D. 314, 158 N. W. 780, to support this contention. That case is not directly in point, however, as it merely held, under an executory contract for the sale of real property, that the vendor held the legal title in trust for the vendee and that such retention of the legal title by the vendor was an interest in the property that could be reached by attachment. On the contrary, a case very similar to the instant case, and one controlling of the question here presented by appellants, is Wagner v. Wagner et al., 47 S. D. 104, 196 N. W. 499. In that case, as in the instant case, the holder of a mechanic's lien tried to invoke the provisions of Section 1647, Revised Code 1919, against a vendor of real property who was holding the legal title in trust for the vendee, and this court said:

"That section does not warrant the conclusions drawn by appellants, because respondent comes within the exception, to wit, she was a bona fide prior lienor. Upon the execution of the con-

tract, defendant Wagner became the equitable owner, and, while respondent still held the legal title, she held it in trust for the purchaser and as security for the payment of the balance remaining unpaid on the contract. Reid v. Gorman, 37 S. D. 314, 158 N. W. 780; Phillis v. Gross, 32 S. D. 438, 143 N. W. 373; State ex rel. Dillman v. Weide, 29 S. D. 109, 135 N. W. 696."

See, also, Big Sioux Lbr. Co. v. Miller, 57 S. D. 506, 234 N. W. 31, and Walrath & Sherwood Lbr. Co. v. Ferris et al., 61 S. D. 190, 247 N. W. 405.

■ Second, that the court erred in entering the judgment that it did for the reason that there is no law authorizing any such procedure, as the statute expressly requires the sale of the property. Appellants, in this contention, rely upon the provisions of Section 1656, Revised Code 1919, which provides the kind of judgment that shall be entered in an action to foreclose a mechanic's lien. As respondents point out in their brief, appellants apparently ignore the fact that judgment in this case was rendered on the cross-complaint and that the judgment therefore should follow the directions of Section 2914, Revised Code 1919, which provides the kind of judgment that shall be entered in an action for the strict foreclosure of a vendor's lien. Respondents further point out that Section 1656 provides that the judgment shall direct a sale of the property foreclosed upon under the mechanic's lien law, but that such judgment directing the sale shall be subject to the rights of all parties which are paramount to the mechanic's liens. We have approved the conclusion of law reached by the trial court, that respondents' lien was paramount to the mechanic's liens held by appellants. Clearly, then, there can be no doubt that the judgment entered by the trial court recognized the equitable rights of the various parties and disposed of them in the manner prescribed by law.

■ Third, that the court erred in holding that the vendor's lien of respondents covered the building and in denying appellants a lien on the building as distinguished from the land. Appellants maintain that Section 1643, Revised Code 1919, gives the holder of a mechanic's lien a lien upon the improvements as well as a lien upon the land, and that Section 1657, Revised Code 1919, provides for the severance of such improvement where the same may be done without injury thereto. They contend that the trial court

Finding of Fact No. 16, to the effect that the building constructed by defendant Harbaugh may be removed from the land in question without injury to said building, entitled them to a lien upon said building, and that the court should have decreed its sale under Section 1657. Evidently the appellants did not carefully consider all the provisions of Section 1657. We do not attempt to decide the justice or injustice of allowing respondents to benefit by the acquisition of this building unless appellants protect their interests by satisfying respondent's lien. It is enough to point out that section 1657, in providing for such severance and sale, states that the judgment decreeing the same may be entered "in the discretion of the [trial] court." Clearly the statute provides that the trial court shall decide whether or not an improvement should be sold and separated from the real property. In the instant case the trial court did not enter judgment decreeing said sale and separation, and there being no showing of any abuse of its discretion, we have no alternative but to approve it.

 Appellants have not called our attention to any place in the record wherein they demanded that the court apportion their demands between the separate improvements, and to assert a lien for a proportionate amount upon each. It would appear from the record that the case was not tried by counsel for appellants upon the theory that appellants had a right to a lien upon the building alone as distinguished from the land and improvements. It clearly devolved upon the appellants to assert a lien upon the building if they desired to have it severed from the real property and sold separately. An examination of the complaint discloses that the materials described in the exhibit attached to the mechanic's lien were actually used for the erection of the building and the walks and driveways surrounding the same, and that no attempt was made to separate and assert their lien upon the building alone. As we view the record, there is nothing therein to sustain a separate lien, in any amount, upon the building alone.

Having found the findings of fact sufficient to support the conclusions of law, the judgment appealed from is affirmed.

All the Judges concur.