SCHUBLOOM, Appellant v.
DONAVON AND ASSOCIATES, INC., Respondent

(241 N.W.2d 710)

(File No. 11636. Opinion filed May 13, 1976)

414

**Rodney J. Steele** of **Wilkinson Law Firm**, De Smet, for plaintiff and appellant.

**Acie W. Matthews** of **Willy, Pruitt, Matthews & Jorgensen**, Sioux Falls, for defendant and respondent.

DUNN, Chief Justice.

This is a mechanic's lien case. Plaintiff Wendell Schubloom, d/b/a Fair City Glass, supplied material and labor for the construction of a motel on land owned in part by Donavon and Associates, Inc., the defendant. The motel structure itself was owned by a partnership of which Donavon and Associates was a member. The last of the material was delivered May 2, 1974. Schubloom filed a mechanic's lien against the defendant on May 17, 1974, and subsequently commenced foreclosure proceedings.

The trial court found that the lien was deficient in that it contained an inadequate notation of the address of the owner and an insufficient description of the real property upon which the lien was attached. The court also found that the notice of filing of the lien had not been sent to the address contemplated by the statute. We reverse the trial court as to these issues.

The defendant has urged that if its other arguments fail its position can be sustained on a point argued before the trial court, but not decided by it—that being that the plaintiff is not one en-

titled to the protection of SDCL 44-9-1 because the plaintiff is merely a supplier to a materialman. We find, however, that the plaintiff does come within the protection of the statute as one requested by the owner to supply materials and labor.

The relationships of the parties are intricate, and, since some knowledge of them is necessary to understand the case, we will set them out at length. On September 6, 1973, a partnership known as Motel 1 was formed. Included as partners were Terry Janssen and Roger Bousquet, both of Foam Bond Company, Jerry Johnke and the firm of Donavon and Associates, Inc., the defendant here. Donavon and Associates owned part of the land on which the motel was to be built and it leased the remainder.

Motel 1 named Swift Brothers as its general contractor. Swift Brothers contracted with Foam Bond Company of South Sioux City, Nebraska, to supply materials and limited labor for the project. Foam Bond Company, in turn, contracted with Wendell Schubloom, d/b/a Fair City Glass of Huron, South Dakota, for glass for windows and doors and also for the labor which Foam Bond had agreed to furnish to Swift Brothers. The meeting at which the Foam Bond-Schubloom agreement was negotiated took place at the office of Donavon and Associates, Inc. In attendance were Roger Bousquet and Terry Janssen as representatives of Foam Bond Company, but who were also partners in Motel 1. Mr. Janssen testified at the trial that he had personally paid for the land which was held in the name of Donavon and Associates. Also in attendance was Mr. Donavon Bousquet who was an employee and incorporator of Donavon and Associates. Finally, Mr. William Holland was in attendance for at least a brief time; he was also an incorporator of Donavon and Associates and is its registered agent.

Mr. Wendell Schubloom signed one contract for his firm and immediately afterwards received a purchase order for the remainder of the materials to be supplied. He thereupon began to deliver and install the glass, and continued to do so until May 2, 1974. He then received a check from Foam Bond Company. He attempted to deposit the check, but it was returned marked "nonsufficient funds." After contacting an attorney, Mr. Schubloom

filed and mailed a notice of filing of a mechanic's lien to Donavon and Associates on May 17, 1974. On July 17, 1974, he commenced foreclosure of the lien by summons and complaint. The trial court found that the lien had been improperly prepared and mailed and denied it any effect. Plaintiff Schubloom appeals.

The plaintiff first contends that the trial court erred in finding that he failed to mail the notice of the lien to defendant's address as mandated by SDCL 44-9-17, which states that the lienor shall mail a copy of the lien to the owner's "last known post-office address, by registered or certified mail * * *."

The lienor mailed the notice of the lien to "Donavon and Assoc. 500 E. 9th, S. Sioux City, Na. 68776." Foam Bond Company is located at this address. The lienor testified that he chose this address because the Sioux Falls office of Donavon and Associates was closed. Furthermore, as noted above, there had been a meeting at Donavon and Associates at which members of Foam Bond and Donavon and Associates, in addition to plaintiff, were present. There were also other evidences of close cooperation between the members of Donavon and Associates and the members of Foam Bond.

The trial court held, in effect, that these factors were irrelevant in light of the fact that Donavon and Associates was a corporation and found that any communications to it should have been mailed to the address of its registered agent.

We reject this finding. First, our cases have held that a litigant is not in all instances bound at his peril to know that the organization with which he is dealing is a corporation. See Rust-Owen Lumber Co. v. Wellman, 1897, 10 S.D. 122, 72 N.W. 89. Second, there is no evidence in the record that the plaintiff here did have actual knowledge that Donavon and Associates was a corporation. The only testimony is to the contrary. Third, the defendant corporation in this case had actual notice. Mr. William Holland, the registered agent of Donavon and Associates, testified at the trial that he had received notice through his bank about a month after the lien was filed. Furthermore, the summons and complaint, which were served on "Donavon and

Associates, *Incorporated*," through Mr. Holland's wife, also gave the corporation notice. These papers were served well within the 120-day time for the filing of the lien; indeed, the corporation's answer was received within that time span.[1]

Two factors are relevant to our legal analysis. First, the lienor did make a good faith effort to mail notice to the correct address of the owner. We have held in an analogous situation, that when a "lienor intentionally and willfully files a false and exaggerated claim, he forfeits his lien." Wittrock v. Hall, 1927, 51 S.D. 39, 211 N.W. 801. We held at the same time that this rule does not apply in cases such as the one confronting us today in which the lienor acted in good faith.

■ Second, we can find no prejudice to the owner from the failure of the claimant to mail the notice to the address of the owner's registered agent. We think it clear that the purpose of the mailing statute, SDCL 44-9-17, is simply to insure that the owner receives actual notice. The legislature never intended that a failure to send a copy of the lien to the last known correct address would be fatal to the claim where the lienor knew that the owner was no longer at this address, and the owner actually received notice by the means used by the lienor. We decline to make such an interpretation of the notice statute.

■ We hold that when a lienor makes a good faith effort to mail a notice of a lien to the owner's correct address and it is later revealed that the address is the incorrect one the statute is satisfied if the owner receives actual notice and is not prejudiced by the faulty mailing. SDCL 44-9-17. Cf., Application of Lycee Francais De New York, 26 Misc.2d 374, 204 N.Y.S.2d 490; Hopper-McAllister Corporation v. Pelham, 1928, 241 Mich. 235, 217 N.W. 9. See also Doss v. Gulf Smokeless Coal Co., 1926, 102 W.Va. 470, 135 S.E. 575.

---

1.　We note that in some jurisdictions there is no need to file a lien at all if a suit to foreclose is brought within the time for filing. See Burks v. Sims, 1959, 230 Ark. 170, 321 S.W.2d 767, 769; Horton v. Wachtman Drilling Company, 1963, Okl., 385 P.2d 802, 806. In the case before us it appears that the suit for foreclosure was brought well within the 120-day period our statute allows for the filing of a lien. See SDCL 44-9-15. However, this point was not urged before us and we need not rely on it for our decision.

Thus, in this case, even though the mailing may have been inadequate if there had been no actual notice, which is a question we need not decide today, we find that SDCL 44-9-17 is satisfied.

■ Plaintiff next contends that the trial court erred in holding that the plaintiff had not complied with the rule of SDCL 44-9-16(6) which requires that the lienor state on the lien form the address of the owner of the property "to the best information then had * * *." We think that the facts revealed in the discussion above demonstrate that the plaintiff complied with this section in that he did act reasonably and in good faith. We therefore reverse the trial court's holding to the contrary as "clearly erroneous." SDCL 15-6-52(a).

We find no conflict with Crescent Electric Supply Co. v. Nerison, 1975, 89 S.D. 203, 232 N.W.2d 76, on this point. In Crescent we held (1) that SDCL 44-9-16, which requires that a claim be verified under oath, was not complied with as no oath was taken, and (2) that the itemization under SDCL 44-9-16 was insufficient to give notice as the list of numbers was no indication of what was actually owed. However, Crescent specifically endorsed the concept of liberal construction of the mechanic's lien statute, and held that "substantial compliance" would satisfy the notice requirements of the subsections to SDCL 44-9-16. We hold here, under the facts set out above, that the claimant substantially complied with the statute by his reasonable, good faith action in giving notice.

■ The trial court also found that the description of the property contained in the lien statement was so uncertain as to be meaningless. We disagree. While the statement is not a model of clarity, it is sufficient under the rule set out in Laird-Norton Co. v. Hopkins, 1894, 6 S.D. 217, 60 N.W. 857. In that case we said:

> "If the description, as given in the claim filed, would notify an ordinarily intelligent and careful man that the lot intended was the lot upon which the security was subsequently taken, or even if it was sufficient to put such a man upon inquiry which, if prosecuted, would

have developed such fact, then the notice, as to him, ought to be held adequate."

The Hopkins decision and others of this court have been quite liberal in allowing arguably deficient property descriptions to suffice under the mechanic's lien law, and we decline to depart from those precedents today. See *Cole v. Custer County Agricultural, Mineral & S. Ass'n.*, 1892, 3 S.D. 272, 52 N.W. 1086; *Smith v. Bowder*, 1913, 31 S.D. 607, 141 N.W. 786.

■ The defendant next contends that even if all other issues are decided against him this court should find that the plaintiff was not a party who can claim the benefit of SDCL 44-9-1. The part of that statute which is relevant reads as follows:

"Whoever shall, at the request of the owner * * * or of any contractor or subcontractor, furnish skill, labor * * or materials for the improvement * * of property * * * for the price or lien thereon * * * for the price or value of the same * * *."

In essence, the defendant's argument is that the plaintiff is merely a supplier to a materialman and is unprotected because the statute extends protection only to the materialman and not to his suppliers.

We need not decide whether this contention is a correct statement of the law in South Dakota for we find that the plaintiff falls within the statute because he was requested by the "owner" to provide materials and labor.

First, we note that Mr. Donavon Bousquet, an incorporator of Donavon and Associates (record owner of the real property and partner in the company which owned the physical structure), was present at the meeting at which Foam Bond and Schubloom agreed on specifications for materials. According to the uncontradicted testimony, Donavon Bousquet was there to approve the selection of the windows.

Second, Mr. Terry Janssen, ostensibly representing Foam

Bond Company, was also present at the meeting. In addition to his status as a representative of Foam Bond Company, however, it appears that Mr. Janssen was also an equitable owner of the real property in question. He testified at the trial that "[t]he land that Donavon and Associates has a record ownership of was paid for by me personally." Furthermore, he was also a partner in Motel 1, the firm which owned the physical structure. Mr. Janssen clearly participated in the negotiations of the contracts under which Schubloom supplied material and labor on the project.

It thus appears that representatives of owners of the real property and the physical structure who were, in fact, substantially the same parties, were involved in the request for materials from Mr. Schubloom. See Doss v. Gulf Smokeless Coal Co., supra. We conclude that Schubloom did, therefore, supply labor and materials at the request of the owner and he is entitled to the protection of the statute. SDCL 44-9-1.

The final question which must be resolved is the extent to which the lien in question applies to the real property and the motel structure built on it. It is clear that the lienor has a claim on the real property owned by Donavon and Associates. No claim is asserted on real property not owned by Donavon and Associates, although presumably such a claim could have been made. See SDCL 44-9-2, 44-9-4; Stoneberger v. Davis, 1952, 74 S.D. 300, 51 N.W.2d 873.

We do perceive, however, that an adequate claim is made on the interest of Donavon and Associates in the entire motel structure.[2] The issue which we must resolve is whether the lien applies to the interest of Donavon and Associates in that part of the structure which is built on the property only leased by Donavon and Associates. Our cases recognize that the word "owner" in SDCL 44-9-1 encompasses the owner of a leasehold estate. Thorson v. Maxwell Hardware Company, 1966, 82 S.D.

2. In line with our liberal policy regarding pleading, we decline to endorse the language of F. C. Krotter Co. v. Harbaugh, 1938, 66 S.D. 178, 183, 280 N.W. 211, 214, which would arguably require the lienor to separate his claim as to the physical structure and the real property.

385, 146 N.W.2d 739. Other jurisdictions have taken the logical step beyond ours to hold that improvements built entirely on leased land are subject to a lien; thus, the "owner" of the leasehold estate may be the party who requests the improvements. The basis of the theory is that the intent of the legislature in enacting a mechanic's lien law is "to give mechanics and materialmen, a lien against the building primarily, and incidentally against the realty." Hayward Lumber & Investment Company v. Graham, 1868, 104 Ariz. 103, 449 P.2d 31, 37; see generally 57 C.J.S. Mechanics' Liens § 188. Thus it is logical to find that the lien may fall only against the structure and not against the land when the leaseholder requests improvements on the land.

We find the expression of the Arizona Court to be a reasonable view which we adopt as our own. Therefore, in line with this precedent, we hold that the mechanic's lien is valid as to the interest which Donavon and Associates holds in the entire physical structure, but is not valid as to the real property not owned by defendant Donavon and Associates.

Reversed and remanded for proceedings not inconsistent with this opinion.

WINANS, WOLLMAN and COLER, JJ., concur.