McMILLAN *et al.*, Appellants, *v.* PHILLIPS, Respondent.

**1. Mechanics' Liens—Subcontractors—Notice.**

Under section 556, C. C. Pro., as amended by chapter 94, Laws 1881, providing that every subcontractor desiring to avail himself of a mechanic's lien shall give notice to the owner, etc., "before or at the time" he furnishes any material, of his intention to furnish the same, the *notice* is a prerequisite to the establishment of a valid lien.

**2. Same—Personal Judgment—Privity of Contract.**

In such case, where it appeared the subcontractor commenced to furnish the materials for which he claimed a lien about a month before giving notice to the owner, *held*, the lien was invalid, and, there being no privity of contract, he was not entitled to a personal judgment against the owner.

(Argued May 18, 1888; affirmed May 25; opinion filed October 1, 1888.)

Appeal from the district court, Minnehaha county; Hon. C. S. PALMER, Judge.

*C. H. Winsor*, for appellant.

This action brings up two questions:

*First.* Whether a person who has furnished material and lumber for a building, under an agreement with the contractor originally, after having notified the owner, can file a mechanic's lien, after 60 days have passed by, and enforce it against the building, and owner, to the extent of what he still owes the contractor.

This is to be determined by the legislative intent to be gathered from sections 656, 658–660, C. C. Pro.; chapter 94, Laws 1881; and chapter 84, Laws 1883.

The first law limited the right of the subcontractor to receive his pay from the owner by giving notice to him at the time he furnished the material, and filing a notice of lien within 30 days. Section 656. And in section 658 it provided that he could recover if, at any time within six months after he had furnished his material, he should file a notice of lien, and give notice to the owner and to the contractor, if the owner owed the contractor at the time of such service the amount that the subcontractor claimed. But afterwards, in 1881 and 1883, it seems that the legislature intended to give all laboring men and all material-men the right to recover at any time, if the owner did not fully pay the contractor, when notice was given, and the lien was filed.

*Second.* The court erred in directing a verdict for the defendant, whether the evidence failed to show the existence of a lien or not. This court has decided that if the evidence should fail to show the existence of a mechanic's lien, still the plaintiff could proceed and recover a personal judgment against the defendant. *McCormack* v. *Phillips*, 34 N. W. Rep. 53. See, also, *Patrick* v. *Abeles*, 27 Mo. 184; *Maltby* v. *Greene*, 3 N. Y. 144.

*A. C. Phillips* and *A. R. Bryan*, for respondent.

The plaintiffs were subcontractors. The case is one where the material and lumber were furnished under a contract with

the contractor. C. C. Pro. § 671; Phillips, Mech. Liens, § 44.

By plaintiffs' own testimony the material was furnished between July and September, 1882; and their rights must be determined by the mechanic's lien law of this territory at that time. Chapter 94, Laws 1881.

The notice of intention was imperative. Phillips, Mech. Liens, §§ 21, 32, 327, 338.

There is no pretense that the required notice was given.

Our Code limits the time within which the subcontractor may file a lien to six months; and, so far as the owner is concerned, it is strictly a proceeding *in rem.* Phillips, Mech. Liens, § 447; *Spencer* v. *Barnett,* 35 N. Y. 97; *Guass* v. *Hussman,* (Mo.) 5 West. Rep. p. 89; *Towner* v. *Remick,* (Mo.) 1 West. Rep. 721.

Plaintiffs contend that, if the evidence fails to show a lien, they could still proceed to recover a personal judgment against the defendant. This is incorrect. There is no privity of contract between the subcontractor and the owner, and it is for that reason that every provision made necessary to fasten a lien upon a stranger to the contract must be strictly complied with. Phillips, Mech. Liens, §§ 349, 447; Kneeland, Mech. Liens, 340.

The complaint alleges no indebtedness of defendant to plaintiffs; nor a contract, express or implied. See *Farnham* v. *Davis,* 4 N. E. Rep. 404; Phila. 397; *Scudder* v. *Balkam,* 40 Me. 293; *Oliver* v. *Woodman,* 66 Me. 59.

CARLAND, J. Appellants brought their action in the district court of Minnehaha county, to foreclose a mechanic's lien on lots 15, 16, 17, and 18, and the N. ½ of lot 14, in block 15, of Bennett's First addition to Sioux Falls. At the trial the appellants here, plaintiffs below, offered testimony tending to show that between July 1 and October 1, 1882, plaintiffs sold and delivered to one McCormack certain building materials, amounting to the sum of $146.05; that said materials were used in the construction of a building then being erected for the respondent by said McCormack, under and by virtue of a contract entered into between said McCormack and said Phillips; that, prior to

the delivery of said material to McCormack, plaintiffs notified Phillips that they were about to furnish lumber to McCormack to be used in the construction of his (Phillips') house, and that they would look to Phillips for their pay. Plaintiffs' counsel then offered in evidence a notice of lien, filed in the office of the clerk of the district court of Minnehaha county, January 27, 1885. Defendant's counsel objected. The court sustained the objection, to which ruling an exception was taken. The ruling of the court in this regard is assigned as error.

We think the ruling was correct. The law in force at the time the materials were furnished is the law that regulated the manner in which a lien might be created for claims of subcontractors. At the time the materials were furnished in this case, the law provided that "every subcontractor wishing to avail himself of the benefits of this chapter shall give notice to the owner, his agent or trustee, *before or at the time* he furnishes any of the things aforesaid, or performs any labor, of his intention to perform or furnish the same." Section 656, Code Civil Proc., as amended by chapter 94, Laws 1881. H. W. Ross, a witness sworn for the plaintiffs, was the only witness who testified concerning the giving of the notice. He testified that he notified Phillips that the plaintiffs were about to furnish building material to McCormack, to be used in the construction of Phillips' house, the latter part of August or the 1st of September, 1882. He also testified that plaintiffs commenced selling the materials to McCormack for which a lien was claimed, July 24, 1882; that $16.02 of the bill was furnished in September, 1882. The notice to be given by the material-man to the owner, as provided by the law above quoted, of his intention to furnish the materials or perform labor, is a prerequisite to the establishment of a valid lien. It must be done, or the right to file a lien under that section cannot exist. There was no evidence before the court that the notice required by statute had been given, and hence no foundation had been laid for the introduction of the notice of lien itself. The plaintiffs might have availed themselves of the provisions of section 658, Code Civil

Proc., if they had filed their notice of lien within six months. after the materials were furnished, and otherwise complied with: the provisions of said section; but, not having done so, the notice· of lien filed January 27, 1885, was not admissible in evidence· for any purpose.

Upon the refusal of the court to admit the notice of lien in· evidence, the defendant moved the court to direct a verdict for the defendant; which motion was granted by the court, against. the objection of plaintiffs. Plaintiffs duly excepted to the ruling· of the court, and now assign its action in this regard as error,. for the reason that, admitting the plaintiffs had failed to establish their lien, they still had the right to a personal judgment.. We think there was no error in the ruling of the court. There was no privity of contract existing between the plaintiffs and. Phillips that would warrant the rendition of a personal judg-- ment against the latter.

Judgment affirmed. All concur.