## SMITH v. DUNN et al.

Under Code Civ. Proc. § 696, providing that every person who shall labor upon or furnish materials for a building or other improvement upon land, on complying with the statute, shall have a lien, and section 703, providing that any such person may file with the clerk within four months an account of the demand due him, and amending Comp. Laws 1887, § 5476, as amended by Laws 1893, c. 116, by the omission of a proviso that the failure to file the statement within the time provided shall not defeat the lien except against purchasers in good faith, a materialman is not entitled to a lien where he filed his statement of account more than four months after the last item of material.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Stanley County. Hon LYMAN T. BOUCHER, Judge.

Action by James A. Smith against E. H. Dunn, as administrator of the estate of W. F. Lawrence, deceased, and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*James Brown*, for appellant. *French & Orvis*, for respondent.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendants and from an order denying a new trial. The action was instituted by the plaintiff to enforce a lien against a certain lot and building situated thereon in the town of Kadoka, in Stanley county, for the balance due him for building material furnished to one W. F. Lawrence, now deceased, for the erection of the building thereon. The facts were stipulated, and are, in effect, that the plaintiff owned and operated a retail lumber yard at Kadoka, in said Stanley county; that on the 6th day of April, 1907, he entered into a contract with the said W. F. Lawrence to furnish lumber and building material for the erection of a livery barn situated upon said lot; that the plaintiff furnished lumber and building material to the value of $756.17 on which payments had been made to the amount of $459.26, leaving a balance due the plaintiff of $296.91; that the last item of material under said contract was furnished on the 6th day of May, 1907; that the said Lawrence died intestate in the month of September, 1907; that the defendant Dunn was duly appointed administrator of the estate; that the claim of the plaintiff was presented to said administrator and was by him and the county judge duly allowed and no part thereof has been paid; that a duly itemized statement of the account of the plaintiff against the said W. F. Lawrence, deceased, was filed on September 28, 1907. It is further stipulated that "the only question with reference thereto is one of law, viz., whether under the laws of South Dakota one furnishing lumber and building material for a building upon land can obtain a mechanic's lien therefor by filing his affidavit and statement of account more than four months after all material for said building has been furnished."

The court concludes from the statement of fact: "First. That the plaintiff's failure to file a verified account of the demand due him with the clerk of the circuit court of Stanley county, S. D., within four months after all the lumber and building material was furnished by him to William F. Lawrence, deceased, for the purpose of constructing the livery barn referred to in the foregoing stipulation of facts, was fatal to the plaintiff's claimed mechanic's lien for the purchase price of said material. Second. The plaintiff has no lien upon the livery barn and lot upon which the same stands described in plaintiff's complaint. * * * The defendant E. H. Dunn, as administrator of the estate of W. F. Lawrence, deceased, is entitled to judgment declaring that plaintiff has no lien on said property, and for a dismissal of his complaint and costs." And judgment was entered accordingly.

It will be observed that the last item of lumber and material furnished by the plaintiff was delivered on May 6, 1907, and that the statement of the account and notice of lien was not filed until 22 days after the expiration of four months prescribed by the statute within which claims for liens are required to be filed. It is contended by the appellant that as against the deceased, W. F. Lawrence, and the administrator, the statute requiring liens to be filed within four months after the furnishing of the last material has no application to the case at bar, and that plaintiff was entitled to a lien as against the premises by virtue of section 696 of the Code of Civil Procedure, which reads as follows: "Every mechanic, or other person who shall do any labor upon, or furnish any materials, * * * for any building, erection or other improvements upon land, * * * by virtue of any contract with the owner, * * * upon complying with the provisions of this chapter, shall have for his labor done, or material * * * furnished, a lien upon such building, erection, or improvement, and upon the land belonging to such owner, on which the same is situated, to secure the payment of such labor done, or materials * * * furnished," as construed by this court in the case of Hill v. Alliance Building Co., 6 S. D. 160, 60 N. W. 752. That case, however, was decided November 2, 1894, when section 5476 of the Compiled Laws of 1887, as amended by chap-

ter 116, Laws 1893, providing for the filing "with the clerk of the circuit court * * * a just and true account of the demand due him * * * and containing a description of the property to be charged with the lien, and verified by affidavit," contained the following important clause: "Which shall be notice that such person claims a lien upon such property; but the failure to file the same within the time aforesaid shall not defeat the lien, except against purchasers or incumbrances in good faith, without notice, whose rights shall have accrued after the ninety days and before any claim for the lien was filed." The section was again amended by chapter 135, Laws 1895, and the clause last above quoted and a proviso, not material in the present case, were omitted, and the section as amended in 1895 constitutes section 703 of our present Code of Civil Procedure.

By an examination of the opinion in the case cited, it will be observed that it was based mainly, if not entirely, upon the clause in section 5476 as amended in 1893, and which, as we have seen, was eliminated by the amendment of 1895, and the time in which the account should be filed was changed from 90 days to 4 months, and the section as thus amended has been in force since it was so amended in 1895. While the decision, therefore, in the case referred to, was undoubtedly correct as the law then existed, the omission of the clause quoted has rendered that decision inapplicable to the law as it has existed since 1895. Section 703 reads as follows: "Every person except as has been provided for subcontractors who wishes to avail himself of the provisions of this chapter may file with the clerk * * * within four months after all the things aforesaid shall have been furnished or the labor done, a just and true account of the demand due him after allowing all credits and containing a correct description of the property to be charged with said lien and verified by affidavit."

It is contended by the respondent that since the amendment of the section, by the act of 1895, omitting the portion thereof as follows, "but a failure to file the same within the time aforesaid shall not defeat the lien, except against purchasers or incumbrancers in good faith, without notice, whose rights accrued after

the ninety days and before any claim for the lien was filed," has the effect of requiring the claim to be filed within the four months as well against the owner of the property as against purchasers and incumbrancers in good faith whose rights accrued after the four months. We are inclined to take the view that the respondent is right in his contention, and that it was the intention of the lawmaking power, by amending the section and omitting therefrom the clause heretofore quoted, that the omission should have the effect of requiring the notice of the lien to be filed within the four months as against the owner as well as against purchasers and incumbrancers.

It will be observed that by section 696, providing for the lien, it is required that "every mechanic, or other person who shall do any labor upon, or furnish any materials * * * by virtue of any contract with the owner, * * * upon complying with the provisions of this chapter," shall have a lien, etc. In 27 Cyc. 136, the laws is thus stated: "It is essential to the existence of a mechanic's lien that the claim or statement shall be filed within the time limited by statute, which is usually a designated period after the completion of the building, after the claimant has completed the work or the furnishing of the materials for which the lien is claimed, or after the debt became due. * * *" On page 150 the same author says: "As a general rule the failure to file the notice, claim, or statement within the time limited by statute defeats the lien; but under some statutes it does not defeat the lien as against the owner of the property, but operates merely to postpone it to the rights of purchasers without notice and the claims of third persons which have arisen since the expiration of such time, or to afford the owner protection with respect to payments made to the contractor after the expiration of such time." The learned author cites, in support of the text, cases from Iowa and North Dakota. But an examination of these cases discloses the fact that the statute of those states contained the clause substantially as originally contained in the statute of this state prior to the amendment of 1895.

It will be observed that this section provides: "Every person * * * may file with the clerk of the circuit court * * *

within four months after all the things aforesaid shall have been furnished * * * * a just and true account of the demand due him after allowing all credits and containing a correct description of the property to be charged with said lien and verified by affidavit." No exception, therefore, being made in·that section, it is not competent for this court to interpolate such an exception in the section. The contention of the appellant, therefore, that the exception omitted by the amendment of 1895 is surplusage, is clearly untenable. The section being general in its terms, the intention of the Legislature can only be ascertained from the language used, and, as no exception is contained in the section, we are compelled to hold that the failure of the plaintiff to file the statement. with the clerk within the four months defeated his right to enforce a lien for the materials furnished as against the defendant, and we are therefore of the opinion that the circuit court was right in its conclusions of law and in entering judgment in favor of the defendant.

The judgment of the circuit court and order denying a new trial are affirmed.