BARRY, Respondent, v. G. L. WOOD FARM MORTGAGE COMPANY et al, Appellants.

(211 N. W. 688.)

(File No. 5806.   Opinion filed January 12, 1927.)

1. **Mechanics' Liens—Materialman's Replacement After 15 Months Held as of Date Original Item Was Furnished So Far as Right to Lien Is Concerned.**

    Materialman's replacement of door of improper size by furnishing one of proper size 15 months after last previous item had been delivered must be treated as of date original item was furnished so far as right to materialman's lien is concerned, as against mortgagees who took mortgages more than year after apparent completion of building, in view of Rev. Code 1919, § 1649, requiring materialman's statement to be filed within 90 days.

**2.   Judgment—Judgment Decreeing Relief in Favor of Defendant Against Codefendant Who Was Not Served with Pleading Held Void.**

Judgment decreeing relief in favor of defendant against codefendant, who has not been served with pleading, raising issue on which relief is granted, is void as against such codefendant.

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Mechanics' liens, Key-No. 132(8), 40 C. J. Sec. 239; **(2)** Judgment, Key-No. 252(3), 33 C. J. Sec. 95.

Effect of work done or material furnished in perfecting original work as lienable item to establish period of filing lien, see annotation in 12 L. R. A. (N. S.) 864; 35 L. R. A. (N. S.) 907; 18 R. C. L. 934.

Appeal from Circuit Court, Day County; HON. ROBERT D. GARDNER, Judge.

Action by J. L. Barry against the G. L. Wood Farm Mortgage Company and others. From a judgment for the plaintiff and an order denying a new trial, defendants appeal. Reversed and remanded, with directions.

*Lewis W. Bicknell,* of Webster, and *Robert D. Jones,* of Milbank, for Appellants.

*Rex W. Harris,* of Webster, for Respondent.

MORIARTY, C. This is an action to foreclose a materialman's lien. From a judgment for the plaintiff and from an order denying a new trial, the defendants appeal.

The record shows that the plaintiff furnished materials for the erection of a dwelling house on the land upon which the lien is claimed, and that the purchase price is unpaid. A bill of the materials was furnished to the plaintiff, and the purchase was that of the entire bill. Therefore the sale of said materials may be treated as having been made upon an entire and indivisible contract.

The erection of the building was begun in August, 1918. The structure was practically completed in August, 1919, and was occupied as a dwelling from that time to the date of the trial. All the materials had been furnished by the plaintiff prior to August 26, 1919, except that a door 2 feet by 6 feet in size was furnished for one bedroom where a door 2 feet 6 inches by 6 feet 6 inches was required to fit the opening. The small door was

never returned and was never used. From August 25, 1919, to November 27, 1920, plaintiff furnished no further materials on the contract, but on November 27, 1920, he furnished a door of proper size for the bedroom opening. The price of this door was charged on the bill as of that date.

On December 2, 1920, the plaintiff filed a lien statement, claiming the furnishing of the door as the last item, fixing the limit for the filing of his lien.

Several mortgages were executed by the owner of the land after the erection of the house was begun and before the furnishing of the door.

The defendants Ella Peterson and Orin Peterson are the owners of the land, Ella Peterson being the party who purchased the materials from the plaintiff. The other defendants are the holders of the mortgages above mentioned.

The trial court held that plaintiff has a lien on the land superior to that of any of the mortgages, and entered judgment accordingly.

From this judgment and from an order denying a new trial the defendants, who are mortgage holders, appeal.

[1] While appellant's brief sets forth numerous assignments of error, we find it necessary to consider only the assignment that the trial court erred in holding the lien statement filed on December 2, 1920, was filed in time to support a lien for the purchase price of the entire bill of materials furnished. In this case it is undisputed that doors, sufficient in number to close all the door openings, were furnished prior to August 25, 1919. The respondent testified that he checked off the items as materials were furnished and charged the prices of such items into the account. Thus it appears that the door of improper size was charged for prior to August 25, 1919.

Clarence Peterson, who moved into the house in August, 1919, testified that during the fall of 1919 he told the respondent, Barry, about the wrong sized door, and told him the door would have to be changed. Barry does not directly dispute this evidence; he only testified that he did not remember any such conversation. And respondent testified that he knew in October, 1919, that there was a door that had not been hung.

Under this state of facts, could the replacing of the door of improper size by one of the proper size on November 27, 1920, 15 months after the last previous item had been delivered, be considered sufficient to establish a lien for the price of the materials furnished? Evidently the materials furnished on August 25, 1919, were treated as completing respondent's contract for the furnishing of materials for the building.

The record shows that the mortgages held by the defendants State Bank of Butler, Frank Anderson, and the Security Bank and Trust Company were all taken subsequent to August 15, 1920, a year after the apparent completion of the building, and that the mortgage held by Kopperud and Saunders is dated June 11, 1919, but not assigned to said defendants until some later date, not disclosed by the record.

Under the provisions of section 1649, Revised Code of 1919, a materialman's lien is absolutely terminated unless the lien statement required by law is filed within 90 days after the furnishing of the last item of material. Bottsford Lumber Co. v. Schriver, 49 S. D. 68, 206 N. W. 423; Smith v. Dunn, 26 S. D. 129, 128 N. W. 493.

We are of the opinion that the furnishing of a door of proper size to replace one of improper size, previously furnished and charged, must be considered as a mere substitution to correct an error, and, so far as the right to a lien is concerned, this replacement item must be treated as of the date on which the original item was furnished.

[2] One of the grounds upon which the trial court based its decision in favor of respondent was that the judgment in a former action in the same court had adjudicated the questions involved in the instant case, and that said judgment is binding upon all the appellants herein. The former action referred to was one which the G. L. Wood Farm Mortgage Company, appearing as plaintiff, sought to foreclose on the land in controversy a mortgage not involved in the instant case, but covering the land involved herein.

In that action the respondent herein, J. L. Barry, and the appellants Ella Peterson, Orin Peterson, State Bank of Butler, and Frank Anderson were defendants. Appellants Saunders and

Kopperud were not made parties, but the Blodgett Loan Company, from which they took their mortgage by assignment, was a defendant. J. L. Barry, as a defendant in said action, answered claiming that his materialman's lien was prior and superior not only to the mortgage which the plaintiff was seeking to foreclose, but also to the mortgages held by each and all of the other defendants. This answer was never served on any of Barry's codefendants, nor was any such issue raised by the complaint which had been served upon them. The court entered judgment decreeing Barry's lien to be superior to any and all of the mortgage liens held by the other defendants. And, in the instant case, the trial court held that judgment to be binding upon each of the appellants. In such hodling the trial court erred. One defendant cannot secure relief against a codefendant upon issues raised by an answer which is not served upon such codefendant, unless such codefendant is shown to have litigated the issue so raised.

This question is discussed at considerable length in the opinion of this court in the recent case of Deming et al v. Nelson, 50 S. D. 484, 210 N. W. 726. The authorities therein cited fully support the rule that a judgment decreeing relief in favor of a defendant and against a codefendant who has never been served with a pleading raising the issue upon which such relief is granted is absolutely void as against such codefendant.

For the errors mentioned, the judgment and order appealed from are reversed and the case is remanded, with directions that the trial court make findings and conclusions and enter judgment in accordance herewith.