LARSON, Respondent, v. ANDERSON, et al, Appellants.

(220 N. W. 498.)

(File No. 5884. Opinion filed July 14, 1928.)

*Babcock & Babcock,* of Sisseton, for Appellants.
*A. O. Bunde,* of Sisseton, for Respondent.

MORIARTY, C. This action was brought to foreclose a mechanic's lien and to have said lien adjudged to be superior to any claim of the defendants or either of them. The property involved is a lot in the town of Rosholt, Roberts county, and the dwelling house standing thereon.

The facts relevant to the issues are as follows:

During the month of July, 1920, the defendant Henry A. Anderson was erecting the dwelling house in controversy. About the third day of said month Anderson contracted with the plaintiff Larson for the installation of a hot air furnace and some plumbing between August 19, 1920, and January 21, 1921. The furnace was charged as actually furnished on October 26, 1920, and was charged at $300. On the same date plumbing was charged to the amount of $24.14. On January 21, 1921, 2.55 was charged for a funnel and a 1½ inch pipe elbow, but the record does not show whether these items were a part of the plumbing job or of the heating job. No further charge was made, nor further items furnished until October 12, 1921, when a charge of $10.50 was made

for three wall registers. On January 7, 1922, the plaintiff filed a mechanic's lien statement claiming $299.33 to be due on his bill, and alleging that the first item under his contract was furnished on July 8, 1920, and the last item was furnished on October 12, 1921.

The record further shows the following facts:

The furnace was installed in October, 1920, and registers put in downstairs and pipes to the second floor. But Anderson told the plaintiff that he was running short of money, and would not need the registers in the upstairs rooms—that he was not going to use the upstairs rooms, and the registers could be put in later when they were needed. Anderson plugged up the pipes to the second floor rooms, and he and his wife moved into the house about the time the furnace was installed, and continued to occupy it as their home until September 29, 1921. At the time he began to build the house, it was Anderson's intention to occupy it as a home. About October 1, 1921, Anderson told the plaintiff that he was renting the house, and the tenants would want the heat registers in the upstairs rooms.

On January 8, 1922, defendant Anderson and his wife gave the defendant Crane-Johnson Company a mortgage for $2,500 on the property involved in this case, and the mortgage was duly recorded on January 15, 1922. The indebtedness secured by this mortgage was for building material furnished for the erection of the house. In August, 1922, the mortgage was foreclosed, and the property bid in by the mortgagee. In October, 1922, Anderson and wife deeded the property to the defendant Potter.

The trial court made findings and conclusions holding the plaintiff's mechanic's lien to be superior to the claims of the defendants Crane-Johnson Company and F. C. Potter. From the judgment entered in accordance with these findings and conclusions, and from an order denying a new trial, the defendants Potter and Crane-Johnson Company appeal.

Appellants' brief presents two contentions requiring consideration: First. That the house in controversy being built as a home for Anderson and his family, and so occupied immediately upon its completion, it was the homestead of the Andersons, and the lien claimed by plaintiff could not attach thereto. Second. That the facts shown by the record establish that the last item actually

furnished by plaintiff to Anderson upon the heating and plumbing contract was furnished not later than January 21, 1921, and that any right which the plaintiff might have to a mechanic's lien on the property was terminated by his failure to file his lien statement within 90 days after said 21st day of January, 1921, except that a lien for the item of $10.50 charged on October 12, 1921, might be good from the filing of the statement on January 7, 1922. If the appellant is right in either of these contentions, the judgment appealed from must be reversed. Under the state of facts shown by the record we do not consider it necessary for us to discuss the question of homestead.

When Anderson and his family moved into the house, about the 1st of November, 1920, he told the plaintiff that he did not need the upstairs registers, and that plaintiff need not put them in. There was no agreement that these registers were to be put in at any stated time thereafter, or at any time. Plaintiff then charged the furnace at the lump sum of $300, but he testifies that the furnace with these registers was to cost $310.50. The matter stood in this condition until October 12, 1921; no item being charged to Anderson's account between January 21, 1921, and October 12, 1921. At about the last-mentioned date, when Anderson told the plaintiff that the tenant who was going into the house wanted to use the upstairs rooms, and that plaintiff should install the registers, plaintiff did this, and charged the item of $10.50 as of October 12, 1921. He contends that this item supports his claim for a lien for the entire account, and that the filing of his statement on January 7, 1922, was timely for that purpose.

We think this contention is unsound. If the deferring of the furnishing of the registers, without any agreement that they should ever be installed, would extend the plaintiff's time for filing his lien statement for a period of ten months, there is not reason why the same agreement should not extend the time for ten years. When Anderson and the plaintiff modified their original contract to the effect of omitting the registers and their price, without any understanding that they should ever be put in, their original contract was terminated thereby, and plaintiff's time for filing his lien statement expired at the end of three months from that date. The furnishing of another item ten months thereafter could not be tacked on to the account for items furnished prior to October 12, 1921, so as to preserve a lien for the whole amount of the account.

240

■ "Under the provisions of section 1649, Revised Code of 1919, a materialman's lien is absolutely terminated unless the lien statement required by law is filed within ninety days after the furnishing of the last item of material." Botsford Lumber Co. v. Schriver, 49 S. D. 68, 206 N. W. 423; Barry v. Farm Mortgage Co., 50 S. D. 652, 211 N. W. 688; Smith v. Dunn, 26 S. D. 129, 128 N. W. 493.

A fairly complete discussion of the right to tack items so as to extend the time for filing a lien statement will be found in the opinion of this court in Botsford Lumber Co. v. Schriver, supra, and in the cases there cited.

■ We are constrained to hold that, after the conversation wherein Anderson told the plaintiff in this case that he need not put in the upstairs registers, there was no contract requiring Anderson to accept the registers, or requiring plaintiff to furnish them. Therefore the registers were furnished under a separate contract, made when Anderson ordered them put in and plaintiff accepted the order.

Under such circumstances, the lien filed in January, 1922, was and is ineffective, except for the charge of $10.50, the price of the registers.

The judgment and order appealed from are reversed, and the case is remanded for further proceedings in accordance with this decision.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.