VELTEN, Respondent, v. McDONALD, et al, Appellants.

(234 N. W. 23.)

(File No. 7067. Opinion filed December 31, 1930.)

*Boyce, Warren & Fairbank,* of Sioux Falls, for Appellants.
*Hugh S. Gamble,* of Sioux Falls, for Respondent.

POLLEY, J. The defendant Catherine W. Peck is the owner of lots 10 and 11 and the south half of lot 12 in a certain block in the city of Sioux Falls, each of said lots being 44 feet in width. On the 21st day of October, 1924, she entered into a contract with

the Merchants' Oil Company whereby she leased to said oil company the east 75 feet of lot 10 and the east 75 feet of the south 23 feet of lot 11 for a period of five years from date for a consideration named in said contract. On this tract of ground was located a gasoline filling station.

During the month of June, 1928, said defendant entered into a second contract with the said oil company whereby she leased to said company the north 21 feet of said lot 11. This latter contract made specific reference to the former contract, and in addition thereto contained the following conditions and provisions:

"It is further agreed that the north 21 feet of lot 11 in block 8 shall be leased by the party of the first part to the party of the second part for the purposes expressed in the lease above referred to, and subject to all of the terms thereof except as hereinafter specifically expressed.

"Party of the second part agrees that the building constructed of concrete blocks upon the rear end of such property is the property of the party of the first part. .

"Party of the second part agrees to construct, at its own expense, a building to be used as an office building in part, and in part as a grease rack and car laundry, on the front end of said additional property extending over on the south 23 feet of said lot 11 on the front end, and which overlapping will not in any manner impair the agreement above referred to or release the party of the second part from paying all the rent therein provided; and at the expiration of this lease the said building so constructed shall become the property of the party of the first part; or, in the event the party of the first part desires said building removed at the termination of this lease, then the party of the second part must remove the same at its own expense, or leave it, at the option of the party of the first part.

"It is agreed that the terms of this lease shall be co-extensive with the terms of the lease above referred to, and shall expire on the 31st day of October, 1929, and the party of the second part agrees to pay, as rent therefor, in addition to the amount specified in the lease above referred to, the following sums: The sum of fifty dollars ($50) a month on the first day of July, 1928, and fifty dollars ($50) a month on the first day of each and every month thereafter during the full term of this lease."

The Merchants' Oil Company then proceeded to carry out the provisions of the said latter contract, and for that purpose entered into a contract with the plaintiff to furnish the material and erect the building provided for in the said contract. The oil company failed to pay plaintiff for the said building, and, to secure the payment of the sum claimed to be due, plaintiff filed a purported mechanic's lien. In this purported lien the property to be charged therewith was described therein as follows: "Lots 10, 11 and the South Half of Lot 12." On the tract of ground so described was situated five other buildings, distinct from the one erected by plaintiff, and on which he had performed no labor and in which he had no interest. This action was brought for the purpose of foreclosing the said lien and to secure a personal judgment against Catherine W. Peck for the balance claimed to be due plaintiff for the construction of the said building.

The trial court found as a fact that the plaintiff furnished the material and erected a building for the said Merchants' Oil Company upon the following tract of ground: "The north 31 feet and 3 inches of the east 45 feet and one inch of Lot 11, and the South 9 inches of the South Half of Lot 11."

The trial court also made the further finding of fact: "That by the terms of the said last mentioned lease, the lessee, the Merchants' Oil Company, were to construct a certain building upon said property leased by the Merchant's Oil Company, described in the leases hereinbefore mentioned, which said building was a part of the consideration for the execution of said last mentioned lease, and said building so constructed was to become the property of the said Catherine W. Peck at the termination of said lease."

Decree was entered foreclosing the lien and ordering personal judgment against the said defendant Catherine W. Peck for any deficiency that might remain unpaid after applying the proceeds of the sale of the property on plaintiff's judgment. From this judgment said defendant appeals.

It is contended by appellant that there is not a description contained in the purported lien sufficient to identify the premises to be affected thereby with reasonable certainty, as required by section 1649, Rev. Code 1919, and that there is no privity of contract between plaintiff and said defendant or any act shown on her

part sufficient to obligate her to pay for the building erected by plaintiff.

■ We do not think the description contained in plaintiff's claim of lien is sufficient to identify the premises with reasonable certainty; the description being lots 10 and 11 and the south half of lot 12. This description comprises a tract of ground 150 feet long and 110 feet wide. On this tract of ground was located six separate and distinct buildings, each of which was occupied by a separate and distinct business enterprise. Plaintiff claims a lien on but a single one of these buildings, but there is nothing in his description to indicate which of the six buildings he claims or that would aid a person in identifying the building on which he claims to have a lien. He claims one of the six buildings, but the description necessary to identify the same must be supplied wholly by extrinsic evidence. We believe this question is disposed of by what we said in Smith v. Bowder, 31 S. D. 607, 141 N. W. 786, 787: "The description of property in an affidavit filed claiming a mechanic's lien, though not necessarily as definite and certain as required when property is described in a deed or a judgment, must be such as will enable one familiar with the location to identify the property upon which the lien is intended to be claimed, and, if it is not accurate to that extent, it is fatally defective. It must be a description sufficient upon which to base a decree which will enable a purchaser to find the property described." 27 Cyc. 157; Dusick v. Meiselbach, 118 Wis. 240, 95 N. W. 144; chapter 32, Phillips on Mechanics' Liens, §§ 103 and 105.

In Smith v. Bowder, supra, the attempt was made to impress a lien upon one only of several buildings on the same tract of ground just as is attempted to be done in this case, and in response to that proposition we said: "The description in the lien is still fatally defective as it in no manner points out or locates which one of such dwellings it is upon which the lien is claimed." And that is true in this case. Plaintiff describes a tract of ground on which there were six separate buildings without indicating in any manner which one of such buildings it is upon which he claims to have a lien.

Plaintiff cites and relies upon Wittrock v. Hall, 51 S. D. 39, 211 N. W. 801. In that case the lien claimant filed a statement claiming a lien on lots 10, 11, and 12 in a city block. The trial

court found that all the work had been done on one of said lots, and limited the lien to the lot on which the improvement had been made. No new description was necessary, but in this case it is necessary to supply a new description by extrinsic evidence.

Respondent stresses the fact that neither of the leases held by the Merchants' Oil Company had been recorded, but this did not preclude him from making inquiry as to the extent of the oil company's rights nor from specifying in his lien statement the particular building for which he had furnished labor and material.

■ ■ Plaintiff is not entitled to a personal judgment against Catherine W. Peck. There was no privity of contract between them. Mc Millan et al. v. Phillips, 5 Dak. 294, 40 N. W. 349; Fritschel v. Grosshauser, 24 S. D. 129, 123 N. W. 698; 40 C. J. 498. The fact that Catherine W. Peck may have had knowledge that plaintiff was erecting the building involved as is claimed by plaintiff is not material. The erection of this building was a part of the consderation for the second lease from her to the Merchants' Oil Company.

The judgment and order appealed from are reversed as against Catherine W. Peck, and as against her the action will be dismissed at plaintiff's cost, and judgment below is directed to be entered accordingly.

BROWN, P. J., and CAMPBELL and BURCH, JJ., concur.
SHERWOOD, J., not sitting.