SMITH, Respondent, v. McCOY, et al, Appellants.

(235 N. W. 661.)

(File No. 6995. Opinion filed March 30, 1931.)

*Tom Kirby,* of Sioux Falls, for Appellants.

*B. O. Stordahl,* of Sioux Falls, for. Respondent.

CAMPBELL, J.   Plaintiff instituted this action alleging the ownership of certain real estate by the defendant Lyon and a lease thereof by Lyon to the defendant McCoy, and that by the terms of said lease defendant McCoy was required to construct upon said real estate a race track.   That defendant McCoy employed plaintiff to build said race track, and agreed to pay plaintiff for his labor and services in building such race track the sum of $6.50 per hour, plaintiff to furnish all power, machinery, and implements necessary for said work.   That pursuant to his contract with McCoy, plaintiff did build and construct said race track, the value of his services in so doing, pursuant to his contract with McCoy, being $1,850.80, of which $500 has been paid.   That within ninety days after the completion of such work plaintiff filed with the clerk of courts of Minnehaha county, S. D., a verified lien statement of his said claim. Plaintiff alleges due demand and failure to receive payment, and prays that the court ascertain the exact amount due plaintiff; that he be adjudged to have a mechanic's lien therefor against the premises, and that his said mechanic's lien be foreclosed.

To this complaint defendants demurred upon the ground that the same did not state a cause of action, and, from an order overruling said demurrer, defendants have appealed.

The appeal is intended to and does present only two questions: First, whether or not the construction of a race track is an improvement to realty of such nature and kind that a mechanic's lien will lie therefor under the statutes of this state.   Second, whether or

not a mechanic's lien can arise as against the owner of realty for work and labor performed at the instance of a lessee under the circumstances disclosed by this complaint.

■■ With reference to the first question, section 1643, Rev. Code 1919, reads as follows: "Whoever contributes to the improvement of real estate by performing labor, or furnishing skill, material or machinery, for any of the purposes hereinafter stated, whether under a contract, with the owner of such real estate or at the instance of any agent, trustee, guardian, contractor, or subcontractor, of such owner, shall have a lien upon said improvement, and upon the land on which it is situated or to which it may be removed, for the price or value of such contribution; that is to say, for the erection, alteration, repair or removal of any building, fixture, bridge, fence, or other structure thereon, or for grading, filling in, or excavating the same, or for digging or repairing any ditch, drain, well, cistern, reservoir, or vault thereon, or for laying, altering or repairing any sidewalk, curb, gutter, paving, sewer, pipe or conduit in or upon the same, or in or upon the adjoining half of any highway, street, or alley upon which the same abuts."

Appellant in his brief says: "The plaintiff does not say what kind of a race track, or what he did in constructing it, except that he performed labor. So the question arises whether the construction of a race track (and we are not advised whether it is automobile, aeroplane, horse, foot or genealogical) is the erection of 'any building, fixture, bridge, fence or other structure.' Appellants contend it is not."

Section 1643, supra, contemplates a mechanic's lien for contribution to the improvement of realty by "the erection, alteration, repair or removal of any building, fixture, bridge, fence, or other structure thereon, or for grading, filling in, or excavating the same." We share the ignorance of appellant as to just what kind of a race track this was and as to just what was done in constructing it. It is common knowledge that race tracks are constructed for various purposes and by various means and methods. Perhaps this race track was intended to be used by dogs in the diligent but ever vain pursuit of artificial electrically operated rabbits. We do not know any more than does appellant. We think it may reasonably be assumed, however, at least as against a demurrer, when a complaint alleges that plaintiff "did build and construct a race track upon the

foregoing described real estate," and that the value of his services in so doing, computed at the rate of $6.50 per hour, amounted to $1,850.80, that the plaintiff contributed to the improvement of the realty in question, either by the erection of a "fixture * * * or other structure thereon," or by "grading, filling in, or excavating the same." Perhaps upon proper joinder of issue respondent may be unable to establish the allegations of his complaint. It may appear at the trial that this race track was built and constructed upon the premises in question without in any manner erecting a structure upon the realty and without in any manner grading, filling in, or excavating the realty, although this we gravely doubt. In any event in this respect the complaint is sufficient to withstand the demurrer.

██ ██ We come then to the second contention of appellant, which is phrased in his brief in the following language:

"Our second proposition is that a mechanic's lien in South Dakota can only arise:

"First, because of a contract with the owner of the real estate, or

"Second, at the instance of any agent, trustee, guardian, contractor, or sub-contractor of such owner."

It is, of course, true that section 1643, Rev. Code 1919, above quoted, states that a lien may arise for contribution for improvement of realty "whether under a contract, with the owner of such real estate or at the instance of any agent, trustee, guardian, contractor, or subcontractor, or such owner." It is further true that the mere fact that the lessee in this case agreed under the terms of his lease to construct a race track upon the premises did not make said lessee an agent of the lessor to construct said race track and did not create any privity of contract between the lessor and the respondent who contracted with the lessee. See Velten v. Mc-Donald, 57 S. D. 524, 234 N. W. 23.

Section 1647, Rev. Code 1919, however, provides as follows: "§ 1647. *Vendors, Consenting Owners.* Whenever land is sold under an executory contract requiring the vendee to improve the same, and such contract is forfeited or surrendered after liens have attached by reason of such improvements, the title of the vendor shall be subject thereto; but he shall not be personally liable if the contract was made in good faith. When improvements are made by

one person upon the land of another, all persons interested therein otherwise than as bona fide prior incumbrancers or lienors shall be deemed to have authorized such improvements, insofar as to subject their interests to the liens therefor. But any person who has not authorized the same may protect his interests from such liens by serving upon the persons doing the work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises; provided, that as against a lessor no lien is given for repairs made by or at the instance of his lessee."

A fee owner of real estate is neither a bona fide prior incumbrancer nor a lienor thereof, and as to such real estate he falls within the classification described in the above statute as "all persons interested therein otherwise than as bona fide prior incumbrancers or lienors." The last clause of the statute provides that no lien arises as against a lessor for repairs by or at the instance of the lessee, but there is no claim of repair in this case. The statute also provides that persons who have not authorized the improvement may protect their interests from lien by service of proper notice within five days after knowledge of the improvement or by posting such notice upon the premises. That provision, however, is limited to interested persons (other than bona fide prior incumbrancers or lienors) who have not in fact authorized the improvement. The complaint herein affirmatively alleges that appellant landowner did authorize the improvement. Under the circumstances of this case as alleged by the complaint, appellant landowner could protect his interest in the real estate from a lien in favor of respondent (assuming that respondent proves, as he has alleged, the making of a lienable contribution to the realty and the taking of all necessary steps to give rise to a lien therefor) only by pleading and proving, first, that he had not in fact authorized the improvement; and, second, that within five days after knowledge thereof he either served or posted notice, as required by section 1647, supra, that the same was not being made at his instance.

The order overruling the demurrer is affirmed.

POLLEY, P. J., and ROBERTS and WARREN, JJ., concur.