KNOFF WOODWORK COMPANY v. C. J. ZOTALIS AND ANOTHER.[1]

November 6, 1942.

No. 33,235.

[1]Reported in 6 N. W. (2d) 264.

*Wilson & Blethen* and *Arthur H. Ogle,* for appellant.

*Norman H. Nitzkowski,* for respondent Knoff Woodwork Company.

*William Stradtmann,* for respondent Krost & Harty.

JULIUS J. OLSON, JUSTICE.

Action to foreclose a mechanic's lien. Defendant Zotalis is the owner of the lot and building upon which plaintiff claims it made lienable improvements. Defendant copartners were joined because they also had filed a similar lien. Findings and order for judgment were made allowing both liens. We shall hereafter refer to Zotalis as though he were the only defendant. His blended motion for amended findings or new trial was denied, and he appeals. Only that part of the order denying a new trial is properly before us.

The involved structure is a two-story building, only the ground floor of which is involved in this case. Prior to the transactions hereafter noted, this part of the building consisted of a large room

with no partitions. It was used only in part as a shoe repair shop. In August 1939, defendant leased the premises for five years to one Fink for use as a restaurant at a monthly rental of $150. To make the property fit for the use for which the lessee took it over, it was necessary to make rather extensive changes and improvements. These necessitated the construction and installation of a substantial partition firmly attached to the floor, the ceiling, and the walls of the building. Double swinging doors had to be built and fitted into it with the customary door frames, jambs, etc. It is for material furnished and labor employed in this improvement of the original structure that plaintiff claimed and was allowed a lien. The copartnership furnished material and labor for the installation of plumbing appliances and fixtures. Radiators had to be moved, new pipes installed, "valves, couplings, drainage tees and traps, and other plumbing equipment" had to be and were installed. Without going into further detail, it is sufficient to recite that the court found that these improvements were made with the knowledge of defendant "and that all of them are permanent improvements, incorporated in and forming part of the premises."

It is conceded that the improvements so made were of the value claimed by each of the lien claimants. It is also clear that the original lessee, beset with financial difficulties, left the premises shortly after leasing them. The improvements remained. Subsequently defendant and another entered into a new arrangement. All improvements so made are still attached to and form a part of the changed structure. Nothing has been removed. The new tenant uses all of them for the purpose originally designed and installed.

The controlling question is whether the court's finding that these improvements are "permanent improvements, incorporated in and forming part of the premises" is sustained by the evidence, or, whether the evidence is such as to compel the conclusion that they are, as claimed by defendant, "trade fixtures." While defendant has assigned numerous errors, 71 in fact, we think this

finding is the one determinative of result. If the evidence sustains the finding quoted, then, clearly, the trade-fixture doctrine as between the owner and lien claimant is out of the picture, for, "as between the materialman and the owner of the improvement, fixtures attached to the real estate are lienable." 4 Dunnell, Dig. & Supp. § 6040, and cases under note 63.

■ There is testimony from which the court could find that to remove the partitions, doors, plumbing, etc., placed in the structure by claimants will cause considerable damage to the physical property both as it was and even more so as changed by the improvements made by the tenant to meet his requirements, and to which defendant, under the statute, impliedly consented.

We think that upon the facts disclosed by this record the court reached the right conclusion, i. e., that the improvements were of a permanent nature, that they could not be removed without loss to the freehold, and that defendant had notice and knowledge of their making as and when made, yet failed to give statutory notice, or any notice at all, that "the improvements were not made at his instance."

■ In these circumstances, the statute upon which claimants rely comes into play. Minn. St. 1941, § 514.06 (Mason St. 1927, § 8495), provides:

"When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. Any person who has not authorized the same may protect his interest from such liens by serving upon the persons doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises. As against a lessor no lien is given for repairs made by or at the instance of his lessee."

It has become settled law in this state that the legislature may provide that improvements made with the knowledge of the landowner "shall be deemed to have been made at his instance, unless he disclaims responsibility therefor in the manner and within the time prescribed by the statute." (Citing cases.) Berglund & Peterson v. Abram, 148 Minn. 412, 414, 182 N. W. 624, 625. In accord is Minneapolis Plumbing Co. v. Arcade Inv. Co. 124 Minn. 317, 145 N. W. 37, where it was definitely held that where the owner of the real estate has knowledge of the improvement being made failure on his part to serve or post the notice required by statute is fatal to his claim of nonliability. Such failure to give the notice prescribed by statute gives rise to the presumption provided by the statute that the improvements are deemed to have been made at the owner's instance. Dower Lbr. Co. v. Rodewald, 157 Minn. 314, 196 N. W. 473. The cases are cited and annotated in 4 Dunnell, Dig. & Supp. §§ 6035 to 6037.

■ In 26 C. J. § 23(C), p. 668, the rule upon which claimants rely is thus stated:

"That the article was specially constructed or fitted with a view to its location and use upon the particular land, or in the particular building, it being consequently less readily susceptible of use elsewhere, tends to show that it was intended to constitute a part of the land."

We had a similar situation before us in Sandberg v. Burns, 198 Minn. 472, 475, 270 N. W. 575, 576. We there held that the record presented a fact issue and therefore that the court's findings for the lien claimants could not be disturbed. The same situation exists here. There, as here, when the tenant was ousted—

"all improvements, repairs, and betterments made within and without the building were left as they were when he had them made. Appellant thus received the benefits therefrom. She let the property to another, and these booths, with only slight modifications as to location, were put to use. Thus it would seem

quite just that these laboring men and the one furnishing the material should be compensated."

■ The record leaves no doubt that the work done and material furnished by lien claimants were not "repairs" but "improvements." So on that score defendant can find no escape under the statutes. *Cf.* Northwestern L. & W. Co. v. Parker, 125 Minn. 107, 113, 145 N. W. 964, 966, where the holding was:

"But painting and papering of the character done here, as part of a general plan of fitting up the premises for the initial occupancy of the tenant, are properly classed as improvements, and not repairs."

The two liens amount to only about $300, a matter of two months' rental, so, after all, defendant has little, if anything, to complain about.

Order affirmed.

