STONEBERGER, Respondent, v. DAVIS et al., Appellants

(51 N. W.2d 873)

(File No. 9199.   Opinion filed February 28, 1952)

**Helm & Bottum,** Sturgis, for Appellants.

**Clinton G. Richards,** Deadwood, for Respondent Carl Stoneberger.

**Parker & Parker,** Deadwood, for Respondent E. J. Haney.

ROBERTS, J.   This action was instituted by Carl Stoneberger to enforce a mechanic's lien against certain land and the buldings thereon upon which it was claimed lienable improvements were made.   E. J. Haney was joined because he had filed a similar claim.   On July 3, 1939, defendant Ed A. Johnson leased the premises upon which there were no improvements to defendant John F. Davis for a term of 25 years.   By the terms of the lease the lessee was authorized to construct buildings and make improvements on the premises and was expressly granted the "right to remove from the premises * * * all the buildings, machinery, fixtures, and other property * * * erected or placed on the premises" and it was agreed that the same be "regarded as personal property".   A number of cabins and an automobile service station were erected by Davis.   On April 5, 1949, Davis subleased the premises for a term of three years to defendant Central City Company.   The sublessee made rather extensive changes and improvements.   The trial found that the lien claimants performed labor and furnished materials for

remodeling and improving certain buildings on the premises and determined the respective amounts due them. It was further found that defendants Johnson and Davis had knowledge of the making of the improvements and neither gave nor posted notice that the improvements were not made at their instance. The court decreed that claimants were entitled to liens on the land and all appurtenances thereon and entered judgment for foreclosure of the liens.

In this court defendants Johnson and Davis challenge the findings, conclusions of law and the judgment entered as not sustained by the evidence. Defendant Central City Company has not appealed. Appellants contend that the buildings on the premises in question by terms of the lease never became a part of the realty; that respondents had notice of its terms and that of the sublease which were duly recorded in the office of the register of deeds; that the structures upon which respondents bestowed labor and materials were for that reason personal properties; and that claimants did not preserve their liens because of their failure to mail a copy of the lien statement to the property owner and to file the post office receipt as proof of mailing in the office of the register of deeds as required by statute.

As to a lien upon real property it ceases at the end of ninety days after doing the last of the work or furnishing the last item of material unless within that time a statement showing that a lien on certain property is claimed is filed with the register of deeds. SDC 39.0708. The preservation of a lien upon personal property not only requires the filing of such a statement within a period specified but also the maling of a copy of the statement to the property owner at his last known post office address by registered mail and the attaching of the post office receipt for mailing to the lien statement and the filing thereof with the register of deeds. SDC 39.0803. Compliance with these statutory requirements is essential to the preservation of a lien. Botsford Lumber Co. v. Schriver, 49 S. D. 68, 206 N.W. 423; Larson v. Anderson, 53 S. D. 236, 220 N.W. 498. If appellants are correct in their contention that respondents acquired liens under the statute permitting enforcement

against personal property, the mere filing of the statements was not sufficient and the liens terminated.

The statute, SDC 39.0701, under which the liens herein are claimed, provides: "Whoever shall, at the request of the owner or the duly authorized agent or representative of the owner, * * * furnish skill, labor, services, * * * or materials for the improvement, development, or operation of property as hereinafter specified, shall have a first lien thereon and the appurtenances thereto, * * * for the price or value of the same, so furnished, subject to the further provisions of this chapter, as follows:

"(1)   For the erection, alteration, repair, or removal of any building, fixture, bridge, fence, or other structure * * * a lien upon the said improvement and the land on which it is situated, or to which it may be removed".

We think that the word "owner" in the provisions quoted is not intended as meaning only the owner of the fee, but extends to any right, title or interest in which the owner of the buildings or improvements may have in the land on which it is situated.  See Lord v. Black Hills Min. Corporation, 68 S. D. 79, 298 N.W. 677.  SDC 39.0720 impliedly recognizes that a mechanic's lien may attach to and be enforced against a leasehold estate.  This section provides that when a foreclosure sale is made of a leasehold of which the unexpired term is no more than two years the sale is without redemption.  There can be no doubt that a lessor and lessee may by agreement treat as personal property improvements which would otherwise be a part of the realty and thus between themselves convert them into personal property.   Curran v. Curran, 67 S. D. 119, 289 N.W. 418.   In the absence of this reservation in the lease there would be no suggestion that the structures upon which respondents bestowed labor and materials were personal property.   The furnishing and fitting of trade fixtures is not here involved.   In Dobschuetz v. Holliday, 82 Ill. 371, the court considering the claim that an improvement placed on the leased premises did not attach because of the right of removal in the lessee said:  "One principal ground upon which the lien is resisted, so far as the engine is concerned, is, that it is personal property, and hence no lien exists under the

statute. .Whatever may have been the private agreement of the parties, it is very clear the engine, when set up and attached to the realty, as it was, became a part of the estate the lessee had in the premises. No doubt the parties could agree among themselves they would treat the engine and other fixtures as personalty, but their private agreement could not change the character of the property, so far as third parties were concerned. The engine and superstructure, when attached to the soil, became a part of the estate of the lessee, and, unless expressly reserved, would pass to his grantee with the estate." We hold that where improvements become part of the realty the right reserved in the lessee to remove them does not prevent a mechanic's lien from attaching. Moorehead Lumber Co. v. Remington Packing Co., 165 Minn. 411, 206 N.W. 653; J. B. Ehrsam & Sons Mfg. Co. v. Rice, 153 Kan. 483, 112 P.2d 95; see also Annotation in 45 L.R.A.,N.S., 100. This is not an action between the parties to the lease. It follows that within the meaning of the mechanic's lien law the structures on the leasehold including the improvements and additions in question were real and not personal property.

The lien claimants did not perform labor and furnish materials in improving the leased premises under agreements with appellant owners or their authorized agents or representatives, but contracted with defendant sublessee, the Central City Company. The right to a lien does not necessarily rest upon contract. A lien may be sustained upon the interest of an owner as herein construed, though out of actual possession, if he consents to the erection of a structure or other improvement. The pertinent provisions of SDC 39.0706 read as follows: "When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior incumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to the liens therefor. Any person who has not authorized the same may protect his interests from such liens by serving upon the persons doing the work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being

made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises; provided that as against a lessor no lien is given for repairs made by or at the instance of his lessee."

The statute expressly provides that as against lessor no lien arises for repairs by or at the instance of lessee. Limiting the exclusion to repairs, the legislature has indicated that as to improvements the general provision of the section shall apply to a lessor. The trial court disallowed items for repairs and there is no contention that the liens here sought to be foreclosed included work done and materials furnished in making repairs.

■ The evidence justified the trial court in finding that appellants had actual notice of the commencement of the improvements and it is admitted that they never served nor posted notices disclaiming responsibility for claims.

■■ The statute provides in effect that, where persons interested in land (other than bona fide prior incumbrancers or lienors) with knowledge of the improvement fail to give the prescribed notice, the improvement shall be deemed to have been authorized by them, so far as to subject their interests to liens. Smith v. McCoy, 58 S. D. 256, 235 N.W. 661. It is sometimes declared that as liens are incumbrances on the property of the owner they can only be created by consent or authority. The failure to give the notice prescribed gives rise to a presumption under the statute that the improvement is deemed to have been made at the request of the owner or person interested in the land. Dower Lumber Co. v. Rodewald, 157 Minn. 314, 196 N.W. 473; Knoff Woodwork Co. v. Zotalis, 213 Minn. 204, 6 N.W.2d 264. In response to the contention of appellants that the liens should not be enforced against them because they allegedly derive no benefit from the improvements, we conclude as stated in Congdon v. Cook, 55 Minn. 1, 56 N.W. 253, that the improvements are presumably beneficial to the property. They point out that under the terms of the lease the buildings do not remain as a permanent improvement. The payment of rentals may have been dependent upon additional earnings to be obtained from the property made more productive by changes and alterations in the buildings.

■ It is our opinion that the respective interests of appellants in the leased premises were lienable and their failure to disclaim in the manner the statute points out responsibility for claims had the same legal effect as if they had expressly authorized the improvements. The findings are supported by the evidence and justify the conclusions of law and judgment.

The judgment appealed from is affirmed.
All the Judges concur.