THORSON, Appellant

v.

MAXWELL HARDWARE COMPANY et al., Respondents

(146 N.W.2d 739)

(File No. 10290.  Opinion filed November 28, 1966)

**Dana, Golden, Moore & Rasmussen, Peder K. Ecker,** Sioux Falls, for plaintiff and appellant.

**May, Boe & Johnson, Paul B. Van Buren,** Sioux Falls, for defendant and respondent.

HANSON, Judge.

In this action to foreclose a mechanic's lien the plaintiff, Theodore E. Thorson, appeals from a judgment cancelling the lien but allowing removal of a ventilating system which he had installed on defendant's property.

The property is a one-story commercial building owned by the Maxwell Hardware Company located at 119-121 West 10th Street in Sioux Falls. Griffin Maxwell is president of the defendant corporation. Since 1954 this property has been managed by the trust department of the Northwestern National Bank of Sioux Falls by Ray Reitan, one of its trust officers.

On November 1, 1962 the Bank leased the property to Mrs. Olive Beckett for the purpose of operating an establishment catering to teenagers known as the Marshmallow Lounge. With the approval of the Maxwell Hardware Company the Bank hired Clifford Carnicle, a general contractor, to remove the existing washroom and to install separate facilities for men and women to satisfy municipal code regulations. Mr. Carnicle hired Thorson to do certain duct work in this connection which was completed by December 17, 1962. Plaintiff sent Carnicle a statement for his work who turned it over to the managing Bank. The Bank paid the bill on January 11, 1963.

Neither Carnicle nor plaintiff did any further work on the building at the request of the Bank or the Maxwell Hardware

Company. However, from February 25, 1963 to April 24, 1963 plaintiff furnished labor and materials on defendant's building by installing a ventilating system and remodeling the heating system. This work was done at the request of the lessee, Mrs. Olive Beckett. When the work was completed plaintiff sent a statement to Mrs. Beckett. Because of financial difficulties Mrs. Beckett was unable to pay and was evicted from the premises around the middle of May 1963. In subsequent bankruptcy proceedings Mrs. Beckett listed her obligation to plaintiff as a personal debt. On June 1, 1963 plaintiff filed the mechanic's lien against defendant's property which is the subject of this action.

As mechanics' liens are creatures of statute they do not attach to property under our law unless (1) the materials are furnished or the labor performed by the lien claimant under a contract, express or implied, with the owner or his duly authorized agent, representative, contractor or subcontractor, SDC 39.0701, or (2) by the implied consent, ratification, or estoppel of the owner as provided in SDC 39.0706. Plaintiff asserts his lien under both provisions.

Insofar as material SDC 39.0701 provides that "Whoever shall, at the request of the owner or the duly authorized agent or representative of the owner, or of any contractor or subcontractor, furnish skill, labor, services * * * equipment, or materials for the improvement, development, or operation of property * * * shall have a first lien thereon * * * for the price or value of the same". Under this law the mere relationship of lessor and lessee of property neither makes the lessee an authorized agent of the owner nor does it create any privity of contract between the owner and a lien claimant who has contracted with the lessee. Smith v. McCoy, 58 S.D. 256, 235 N.W. 661. Of course, a lessee may become an owner's agent by virtue of the lease agreement and other related facts and circumstances. In this respect, where a lease requires or obligates a lessee to make certain improvements the lessee is generally regarded as agent of the owner for that purpose. However, where the lease merely authorizes the lessee to make alterations or improvements, the lessee is not ordinarily considered to be the agent of the owner. Union Trust Co. of Philadelphia v.

Branch Mint Operating Co., 28 S.D. 549, 134 N.W. 65, and see generally 36 Am.Jur., Mechanics' Liens, § 94, p. 73, Annotations in 79 A.L.R. 962 supplemented in 163 A.L.R. 992, and 57 C.J.S. Mechanics' Liens § 65, p. 562. The lease Agreement in the present case did not obligate or require the lessee to make any specified improvements on defendant's property. It merely authorized her to make such alterations and changes as she found necessary for her purposes. The heating and ventilating unit which plaintiff installed was of this nature. It was designed to ventilate the building, take care of smoke, and to provide a constant flow of fresh heated air. As such it was useful to Mrs. Beckett in the operation of the Marshmallow Lounge. The unit is separate and distinct from the regular heating plant and is now sealed off. In making such improvement Mrs. Beckett was acting for herself and not as an authorized agent or representative of the owner.

■■ Clifford Carnicle, the general contractor also performed work for the lessee on defendant's building during the period of February 25, 1963 to April 24, 1963. The fact, which is disputed, that he might also have requested plaintiff to perform the work for which the lien is claimed would be immaterial. Carnicle was acting as contractor for the lessee and could not bind the owner. In construing the above statute, SDC 39.0701, the words "contractor or subcontractor", of necessity, relate back to and are qualified by the word "owner". This is the wording of Section 1643, Revised Code of 1919 which is one of the laws combined into SDC 39.0701 in the Revised Code of 1939. As pointed out in Lewis v. Annie Creek Mining Co., 74 S.D. 26, 48 N.W.2d 815, "Revised or consolidated statutes will be construed as bearing the same meaning as the original statutes or sections unless the language of the revision or consolidation plainly requires a change of construction to conform to the manifest intent of the legislature." This is also the expressed intent of the 1939 Code Commission. See Vol. 1, p. 12 of the South Dakota Code of 1939. See also City of Redfield v. Wharton, 79 S.D. 557, 115 N.W.2d 329. The word "owner" of course means not only the owner of the fee but extends to any right, title and interest which the owner of buildings or improvements may have in the

land on which they are situated. The lien, sale, and removal may be limited to the improvements made, SDC 39.0719 (which the trial court here permitted), or under given facts the lien may attach to the real estate as provided in SDC 39.0706, infra. See Stoneberger v. Davis, 74 S.D. 300, 51 N.W.2d 873.

■ Also, there is no merit to plaintiff's further contention that his lien attached by defendant's failure to serve or post a notice of nonresponsibility as required by SDC 39.0706. That section provides, in part, that "When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior incumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to the liens therefor. Any person who has not authorized the same may protect his interests from such liens by serving upon the persons doing the work or otherwise contributing to such improvement, within five days after knowledge thereof, written notice that the improvement is not being made at his instance, or by posting like notice, and keeping the same posted, in a conspicuous place on the premises; provided that as against a lessor no lien is given for repairs made by or at the instance of his lessee." This section applies to and is operative against a lessor except only as to repairs made by or at the instance of his lessee. Stoneberger v. Davis, 74 S.D. 300, 51 N.W.2d 873.

■ The object of such law is to establish a rule of evidence in the nature of an equitable estoppel under which all interested persons "are required to speak out when advised of the fact that improvements are being made upon real property. If, with knowledge of the fact, they remain silent, acquiesence and consent to the making of the improvements and to the consequences in case the labor and materials are not paid for are conclusively presumed." John Martin Lumber Co. v. Howard, 49 Minn. 404, 52 N.W. 34. In accord with this basic principle our statute applies to an owner who acquires notice or knowledge of an unauthorized improvement while work is still in progress. This is evident from the present tense requirement that notice of nonresponsibility be served "upon the persons **doing** the work or otherwise **contributing** to such improvement." It has

no application to this owner as the trial court found that neither the defendant nor any of his agents or representatives had knowledge of the labor and materials furnished by plaintiff at the request of the lessee until after the improvement was completed. See Anno. 123 A.L.R., p. 45 et seq. As this finding of the trial court is based on substantial evidence it cannot be disturbed on appeal.

Affirmed with directions to allow plaintiff a reasonable time after the remittitur to remove the ventilating system.

All the Judges concur except RENTTO, P. J., not participating.